[Civ. No. 3670. Second Appellate District, Division Two.—March 30, 1922.]

## WILLIAM H. CADY, Respondent, v. G. A. SANFORD, Appellant.

[1] APPEAL—JUDGMENT—ORDER DENYING MOTION TO VACATE—RECORD — SUFFICIENCY OF EVIDENCE — PRESUMPTION. — Where an appeal from a judgment and from an order denying a motion to vacate such judgment and to enter on the facts found a judgment for the appellant is taken on a record which does not disclose the evidence, it must be presumed that the evidence was ample to sustain the findings.

[2] ID.—CONSTRUCTION OF FINDINGS.—The findings must receive such a construction, if possible, as will uphold rather than defeat the judgment.

[3] NEGLIGENCE—COLLISION OF AUTOMOBILES—LAST CLEAR CHANCE— FINDINGS.—In this action to recover damages for injuries received in a collision between two automobiles, one of which was being driven by plaintiff and the other by defendant, the details and circumstances of the accident, as presented by the findings, are not inconsistent with the general finding that appellant had the last clear chance to avoid the collision, but negligently failed to avail himself of the opportunity.

[4] ID.—EVIDENCE—APPLICABILITY OF RULE.—If the driver of an automobile, when he reaches the point of collision and discovers his

---

4. Concurrent negligence of plaintiff as defeating recovery under doctrine of last clear chance, notes, Ann. Cas. 1912B, 888; 7 L. R. A. (N. S.) 132, 152; 17 L. R. A. (N. S.) 707; 19 L. R. A. (N. S.) 446; 27 L. R. A. (N. S.) 379.

peril, is still in a situation to help himself, and, by the vigilant use of his ears, eyes, and physical strength, is able to extricate himself and avoid injury, his neglect to do so will prevent a recovery notwithstanding the other party could have stopped in time to avoid the accident, but where the injured driver, because of his own heedlessness, has reached a point where he no longer can escape the injury by the exercise of any reasonably prudent measures that he may adopt, and his perilous condition is discovered by the other driver in season to avoid the injury by the exercise of ordinary care on his part, the negligence of the former becomes the condition, and not the proximate cause, of the injury, and the failure of the latter to exercise ordinary care is a new and independent negligence and the proximate cause.

[5] ID. — LAST CLEAR CHANCE DOCTRINE. — The doctrine of the last clear chance presupposes negligence on the part of the injured party, and proceeds upon the theory that, notwithstanding such negligence, if the other party, being cognizant thereof and of the peril in which the party has placed himself, fails to take the necessary precautions to avoid the injury, he is liable on the theory that he had a fair chance to avoid the accident by the use of ordinary care, and that his failure to exercise it is, under such circumstances, the proximate cause of the injury.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a motion to enter a different judgment. Leslie R. Hewitt, Judge. Affirmed.

The facts are stated in the opinion of the court.

Henry T. Gage, Ingall W. Bull and Harold Larson for Appellant.

E. E. Kirk and Wally Vogel for Respondent.

FINLAYSON, P. J.—This is an action to recover damages for injuries received in a collision between two automobiles, one of which was being driven by plaintiff and the other by defendant. The case was tried by the court without a jury. Besides denying the material allegations of the complaint, defendant's answer alleges contributory negligence on plaintiff's part. The trial court found that plaintiff was negligent at the crossing where the accident happened, but that defendant had the last clear chance to avoid the collision, and upon that ground gave judgment for

plaintiff. Defendant, proceeding under section 663 of the Code of Civil Procedure, moved to set aside the judgment and to enter in lieu thereof a judgment in his favor, on the ground that the conclusions of law are inconsistent with and not supported by the findings of fact. The motion was denied. The appeal is from the judgment and from the order denying defendant's motion. The sole point made by appellant is that the doctrine of the last clear chance is not applicable to the facts as found by the trial court.

[1] None of the evidence is before us. The appeal from the judgment is on the judgment-roll alone. The appeal from the order denying defendant's motion to enter a judgment in his favor on the facts found by the trial court comes here on a bill of exceptions containing nothing but the documents upon which the motion was made, i. e., the pleadings, the findings, the judgment, and the notice of motion. This being the state of the record here, it must be presumed that the evidence before the trial court was ample to sustain the findings. If appellant would question its sufficiency for that purpose, or would claim that the evidence, if brought up, would have impaired the correctness of the findings, he should have presented it to us in a bill of exceptions or by the reporter's transcript. Not having done so, the· facts as found by the trial .court must be regarded as fully supported by the evidence. [2] Moreover, the findings must receive such a construction, if possible, as will uphold rather than defeat the judgment. (*Paine* v. *San Bernardino etc. Co.*, 143 Cal. 654 [77 Pac. 659].)

Coming now to a consideration of the lower court's findings. That court found the facts to be substantially as follows: The accident occurred on January 16, 1920, at about 6 o'clock P. M., ·at the crossing formed by the intersection of Washington Boulevard with Del Rey Road, two public highways in the county of Los Angeles, one of which, Washington Boulevard, runs in a general north· easterly and southwesterly direction and is intersected at a point between Culver City and the city of Venice by the other highway, Del Rey Road, which runs in a general northwesterly and southeasterly direction. On the evening in question, while plaintiff was driving easterly toward the city of Los Angeles along Washington Boulevard and on the

right-hand or south side thereof, he approached the crossing
formed by the intersection of these two highways. At the
same time defendant, driving his automobile, was approach-
ing the crossing from the opposite direction, that is, he
was traveling westerly along Washington Boulevard on the
right-hand or northerly side thereof. It was dark when the
accident occurred and the headlights of each automobile
were lighted.

When defendant reached a point on Washington Boule-
vard about sixty feet easterly of the intersection, he slack-
ened his speed and by raising his arm gave the signal
that he intended turning to the left and south into Del
Rey Road at its intersection with Washington Boulevard.
At the same time he sounded his horn. Plaintiff did not
see the signal nor hear the horn. Defendant continued his
course until he came to a full stop immediately before
reaching the intersection, when he shifted into low gear and
proceeded into the intersection. As defendant started for-
ward from the full stop to which he had come just before
reaching the intersection, he saw plaintiff's car approaching
from the west and knew that it was traveling at a speed
much greater than his own. Defendant's car at this time
was traveling at a rate not to exceed five miles an hour,
while plaintiff's car was approaching the intersection at a
speed of about twenty miles per hour. Defendant's car,
proceeding into and across the intersection in low gear at
a rate of speed not to exceed five miles per hour, reached
a point about opposite the center of the intersection, when
defendant turned his car to the left and proceeded on a
curve southerly, intending to enter Del Rey Road. From
the time that he started forward from the full stop just
prior to reaching the intersection, defendant saw and kept
his eyes on plaintiff's car, which, proceeding easterly along
Washington Boulevard, continued to approach the inter-
section. When defendant started from the place where he
had come to the full stop, plaintiff's car was about 350 feet
westerly from the intersection. Upon reaching the place
where he commenced to turn to the left, which was about
forty feet from the point where he had come to the full
stop, defendant continued on a curve to his left for about
thirty feet toward and into the path of plaintiff's car, which,
approaching from the west, was struck by defendant's car

on its left-hand side, at a point about midway between the motor and windshield.

Immediately before the collision and when defendant was about to cross the pathway of plaintiff's car plaintiff first observed defendant's car. Thereupon plaintiff turned his car toward the right-hand side of Washington Boulevard and slackened his speed to about eighteen miles per hour.

The two automobiles approached the place of the collision in such a manner that when defendant's car, while making the turning movement to the left, proceeded forward across the path of plaintiff's car a collision was inevitable unless one or the other of the two cars should come to a stop or otherwise yield the right of way or so alter its course as to avoid a collision. At all times subsequent to the time when defendant's car came to a full stop immediately before reaching the intersection, and up to the moment of the collision, defendant had complete control over the movements of his own car, which, proceeding at a rate of not to exceed five miles an hour, could have been stopped almost instantly, or within a distance of a very few feet. Defendant saw plaintiff's car approaching the intersection at a higher rate of speed than his own, and knew that plaintiff's car was in danger of collision with his own if he continued his turn to the left and crossed the intersection ahead and in front of plaintiff's car. Plaintiff did not perceive such danger and was not aware thereof until defendant's car had begun to make the turn to the left across the intersection, directly in front of plaintiff's car. At that moment, owing to the close proximity of the two cars and the greater speed at which plaintiff's car was traveling, there was neither time nor opportunity for plaintiff to come to a stop or so to alter his course as to avoid the collision, and defendant then and there had the last clear chance to avoid the accident, but negligently failed to avail himself thereof.

Plaintiff, so the lower court found, was negligent in that he entered the intersection and crossed it as far as the place where the impact occurred at a speed greater than fifteen miles an hour. The trial court also found that plaintiff was negligent in that he did not yield the right of way to defendant, whose automobile was nearer the point of intersection of the paths of the two vehicles than

was plaintiff's car. But this notwithstanding, plaintiff's negligence, so the lower court found, was not the proximate and direct cause of the accident. The direct and proximate cause, according to the findings, was the defendant's negligence in failing to stop his car before the collision, for he saw plaintiff's car prior to the accident, knew that plaintiff was in a situation of danger, and had the opportunity, by the exercise of proper care, to stop his own slowly moving car and avoid the collision and the consequent injury to plaintiff and his automobile.

[3] Such are the facts as found by the lower court. Are the details and circumstances of the accident, as thus presented by the court's findings, inconsistent with the general finding that appellant had the last clear chance to avoid the collision, but negligently failed to avail himself of the opportunity? That is the sole question presented for our determination. To sustain the contention that the doctrine of the last clear chance is inapplicable, it is claimed: (1) That appellant did not know or have the means of knowing that respondent's automobile could not have been slowed down in time to permit appellant to make his turn in safety, and that, therefore, he never knew that respondent was in a position of peril: (2) that if appellant was negligent in any particular, his negligence and that of the respondent were contemporaneous and continued actively up to the very moment of the collision, and that, therefore, the case is governed by those decisions which hold that the last clear chance doctrine does not obtain where both parties are contemporaneously and actively in fault up to the very instant of the accident.

We fail to find any merit in either ground for the asserted inapplicability of the last clear chance doctrine. In support of the first ground it is argued that, because appellant was strictly within his legal rights in attempting to make the turn, he had the right to assume that respondent would decrease his speed and would slow down in time to avoid a collision, and that, therefore, appellant did not know or have the means of knowing that respondent ever was in a position of peril. This contention is negatived by the facts as found by the trial court. It is expressly found that, from the time when he started forward from the place where he had come to a full stop, appellant "saw

and kept his eyes on plaintiff's car . . . until the time of the collision," and that "at all of said times defendant saw plaintiff's car approaching said intersection at a higher rate of speed than his own, . . . *and knew that plaintiff's car was in a situation of danger* if defendant should proceed to turn to his left in crossing said intersection ahead and in front of plaintiff's car"; also that "before the collision defendant saw plaintiff's car *and knew that plaintiff was in a situation of danger."* We need not pause to inquire how or why it was that appellant knew that respondent's car was in a situation of danger while the former was making his turning movement into Del Rey Road. It is sufficient that the court has so found. Unless the finding that defendant "knew that plaintiff was in a situation of danger" appears to be inherently impossible when considered in the light of the particular circumstances found by the trial court, we are bound to assume that the finding is fully supported by the evidence. For, since the evidence is not before us, we must assume that, if it had been brought up, it would have sufficed to support each and every finding, unless there be some general finding that is directly contradicted by the special circumstances of the accident as disclosed by the more particular findings of the trial court. The question, therefore, to which we must address ourselves is this: Is the finding to the effect that defendant had knowledge of plaintiff's peril in time to avert the accident inconsistent with all the circumstances as found by the lower court?

According to the findings, appellant not only observed respondent approaching the danger zone, but discovered respondent's position of peril after the latter was actually in the danger zone, i. e., discovered respondent's peril when it no longer was possible for the latter to extricate himself by the exercise of ordinary care on his part, but while it still was possible for appellant to avoid the accident by adopting reasonable means to that end, as, for example, by using all reasonable efforts to bring his own slowly moving car to a stop. We find nothing inherently impossible in this finding, nor any inconsistency between it and the details of the accident as disclosed by the other findings. At some appreciable time prior to the crash plaintiff was in a position of peril. He was in a position

of peril at the very instant that he arrived at that point where he no longer could avoid an accident by exercising ordinary care. Then, and not until then, was the last clear chance doctrine applicable. "The last clear chance doctrine," says our supreme court in *Young* v. *Southern Pac. Co.,* 182 Cal. 380 [190 Pac. 40], "was not applicable until he arrived at such a point as to be in peril, and this was the point where he could no longer escape injury by exercising ordinary care." It will be recalled that in one of its findings the trial court finds that respondent, just prior to the collision, slightly decreased his speed and turned to the right; and yet notwithstanding this attempt to avoid the accident, a point had been reached by respondent where it was too late to extricate himself from the peril of a collision with appellant's car. Meanwhile appellant, according to the court's findings, had observed respondent approaching toward and into the intersection. It is quite possible that if the evidence had been brought up it would show appellant to be an experienced automobile driver, whose trained eye can gauge with great accuracy the speed and the distances from him of other automobiles, and whose experience has taught him much about the idiosyncrasies of other drivers. When we bethink ourselves of all the possible facts which may have been disclosed by the evidence, and which would naturally tend to support the findings, we are unable to say that it was not possible for appellant to have discovered that respondent had heedlessly rushed into a position of peril where he was too late to save himself by any reasonable measures that he might adopt, but where it still was possible for appellant to avert a collision by the exercise of reasonable care on his part.

Until respondent arrived at the point where ordinary care on his part could not extricate him from the danger of a collision, appellant had the right to rely upon the presumption that respondent would observe appellant's turning movement and would take reasonable precautions to avoid being struck by appellant's car. But when respondent reached that point where an ordinarily prudent and careful driver, situated as appellant was, and with a knowledge of the circumstances that were known to appellant, would naturally question respondent's ability to

avert the collision by the vigilant use of his faculties and strength, it then became appellant's duty to stop his car or to take whatever appropriate measures were reasonably available to avoid running into respondent's car. It was not necessary that appellant should actually know that an accident was inevitable if he failed to exercise care. It is enough if the circumstances of which he had knowledge were such as to convey to the mind of a reasonably prudent man a question as to whether respondent would be able to escape a collision. In *Harrington* v. *Los Angeles Ry. Co.,* 140 Cal. 523 [98 Am. St. Rep. 85, 63 L. R. A. 238, 74 Pac. 18], .the court says: ''It is, of course, true, as urged by defendant, that it is essential to such liability that the defendant did actually know of the danger, and that there is no such liability where he does not know of the peril of the injured party, but would have discovered the same but for remissness on his part. (*Herbert* v. *Southern Pac. Co.,* 121 Cal. 227 [53 Pac. 651].) This, however, does not mean, as seems to be contended, that defendant must know that injury is *inevitable* if he fails to exercise care, and the decisions indicate no such requirement. It is enough that the circumstances *of which the defendant has knowledge* are such as to convey to the mind of a reasonable man a question as to whether the other party will be able to escape the threatened injury. One in such a situation is· in a dangerous position.'' We think it quite within the bounds of reason that, under all the circumstances of the case as disclosed by the court's findings, a point was reached by respondent's automobile where, while there still was time for appellant to avert a collision by stopping his slowly moving car, there was conveyed to appellant's mind, while he was observing respondent's automobile, a question as to whether respondent could escape injury by the exercise of ordinary care on his part. If so, appellant had knowledge of respondent's peril and had the last fair chance to avoid the accident by taking all reasonable measures to stop his car before it crashed into respondent's automobile; and his failure to do so was, as the court found, the direct and proximate cause of the injury.

Equally devoid of merit is the claim that if appellant was negligent his negligence and that of the respondent

were contemporaneous and actively concurrent as the proxi-
mate cause of the injury up to the very moment of the
catastrophe. Without doubt the doctrine of the last clear
chance does not govern where the negligence of the plain-
tiff continues to the moment of the accident, and both
parties are contemporaneously and actively in fault at the
very instant of the injury. But it cannot be said that the
facts as found by the trial court in the present case show
that the negligence of the plaintiff continued to the moment
of the accident, and that both parties were contempo-
raneously and actively in fault at the time thereof. Re-
spondent unquestionably discovered his dangerous situa-
tion just prior to the collision. Upon making that
discovery he immediately attempted to save himself as
best he could, but it was then too late. The fact that
he decreased his speed somewhat and made a turn to the
right immediately before the crash, apparently in an
effort to avoid the collision, fully justifies the conclusion
that he used all reasonable care and made all practicable
efforts to save himself as soon as he became alive to his
peril, and that, therefore, he did not continue actively in
fault up to the very instant of the injury. His previous
negligence ceased when, upon realizing his peril and in an
endeavor to avoid the imminent collision, he decreased
the speed of his car and turned it toward the right and
away from the direction of appellant's approaching auto-
mobile. (See *Harrington* v. *Los Angeles Ry. Co.*, 140 Cal.
524 [98 Am. St. Rep. 85, 63 L. R. A. 238, 74 Pac. 15].)

Moreover, this is not a case where the defendant negli-
gently fails to discover the plaintiff's peril in time to avert
the injury. In this case, according to the court's findings,
appellant actually discovered the situation and realized
the danger while it yet was possible to avert the collision
by the use of ordinary care on his part. The case, there-
fore, is not one where the negligence of the defendant con-
sists merely of an omission of a duty *before* the discovery
of the peril. Here the negligence of the defendant con-
sisted of the omission of a duty *after* his discovery of the
plaintiff's peril. Under the findings we are bound to as-
sume that while he was making his turning movement,
meanwhile observing respondent, there arose in appellant's
mind, shortly before the impact, a question as to whether

respondent could escape the threatened injury. During this interval, short though it may have been, appellant had the power to prevent the accident by simply bringing his slowly moving automobile to a stop before it crashed into respondent's car. Since he saw and knew respondent's position of peril as the latter came heedlessly into the crossing, and could have prevented the collision if he had brought his own car to a stop as soon as he became aware that respondent had entered the zone of danger, appellant ought to have anticipated the accident. He failed to do so, and the legal responsibility is his. His negligence, if not his willfulness and wantonness, continued up to the moment of the impact. Such being the case, appellant, who knew the danger, but, in reckless disregard thereof, continued making his turn toward the south, can find no refuge in the fact that respondent, who was not aware of the danger until it was too late for him to avoid it, would have known of his peril had he used reasonable care to ascertain it. "In such a case he who knows of the danger and can avoid it, as against one who does not in fact know thereof, has the last clear opportunity to avoid the accident." (*Harrington* v. *Los Angeles Ry. Co.,* 140 Cal. 526 [98 Am. St. Rep. 85, 63 L. R. A. 238, 74 Pac. 19].) **[4]** If the driver of an automobile, when he reaches the point of collision and discovers his peril is still in a situation to help himself, and, by the vigilant use of his ears, eyes, and physical strength, is able to extricate himself and avoid injury, his neglect to do so will prevent a recovery notwithstanding the other party could have stopped in time to avoid the accident; and his failure to make such vigilant use of his faculties when he reaches the point of collision is negligence on his part at the very instant of the accident, and constitutes such contemporaneous negligence at the moment of injury, as is spoken of in the cases. But where, as in the instant case, the injured driver, because of his own heedlessness, has reached a point where he no longer can escape the injury by the exercise of any reasonably prudent measures that he may adopt, and his perilous position is discovered by the other driver in season to avoid the injury by the exercise of ordinary care on his part, the negligence of the injured driver in reaching his position of peril becomes the condition, and not the proximate cause

of the injury, and will not preclude recovery. In such a case the failure of the injured driver to discover his perilous situation in time to avoid the collision is a precedent negligence, and the failure of the other party, who is aware of the peril, to exercise ordinary care to prevent the injury is a new and independent negligence and the proximate cause of the injury. This, in substance, is the rule as stated in *French* v. *Grand Trunk Ry. Co.*, 76 Vt. 441 [58 Atl. 722], quoted by our supreme court in *Young* v. *Southern Pac. Co.*, 182 Cal. 369 [190 Pac. 360]. **[5]** The doctrine of the last clear chance presupposes negligence on the part of the injured party, and proceeds upon the theory that, notwithstanding this negligence, if the other party, being cognizant of that negligence and of the peril in which the party had placed himself, fails to take the necessary precautions to avoid the injury, he is liable on the theory that he had a fair chance to avoid the catastrophe by the use of ordinary care; and his failure to exercise it is, under such circumstances, the proximate cause of the injury. In such cases, the defendant's neglect to use ordinary care to avoid the injury, after discovering the plaintiff's peril, is a negligence that differs in every essential from the mere continuation of the plaintiff's original negligence, and is the negligence for which the defendant is held liable.

The authorities cited by appellant present the case where neither party discovered the plaintiff's position of peril until it was too late to avert the injury, or where the plaintiff had a better opportunity than the defendant to anticipate the accident. But that is not the case presented by the findings before us here. In the instant case defendant was negligent in failing to take proper precautions after he discovered plaintiff's position of peril. The following quotation from *Bruggeman* v. *Illinois C. R. Co.*, 147 Iowa, 187 [Ann. Cas. 1912B, 876, 123 N. W. 1007], is a correct statement of the rule that obtains in those cases where, as here, the defendant has neglected to avail himself of reasonable precautionary means to avert the accident after he has discovered plaintiff's peril: "It is one thing to hold that the continuing negligence of a plaintiff will prevent a recovery for a negligent omission of defendant to discover his peril, and quite another to hold that plaintiff's continuing negligence will prevent a recovery for the negli-

gence of the defendant in failing to take proper care to avert the accident after the plaintiff's danger had been discovered and ought to have been appreciated. If each party is negligent in failing to discover the danger, then the negligence is ordinarily concurring, and the doctrine of last fair chance does not apply. But if defendant discovered plaintiff's negligence and his peril in time to have avoided the injury, and did not take the necessary means to do so, then the doctrine does apply in full force; for in such cases the defendant has the last opportunity of avoiding the collision." (See, also, *Wilson* v. *Illinois C. R. Co.*, 150 Iowa, 33 [129 N. W. 340], and note thereto in 34 L. R. A. (N. S.) 687.) The same idea is expressed by our own supreme court in the following: "This doctrine [the last clear chance doctrine] applies where the injured party by his own negligence has placed himself in a position of danger from which he cannot extricate himself, or of which he is obviously unconscious, and the defendant, seeing or knowing his peril or seeing or knowing facts from which a reasonable man would believe him to be in peril, and being able by the use of ordinary care to avoid injuring the plaintiff in his perilous position, fails to use such care and thereby causes the injury." (*Arnold* v. *San Francisco etc. Rys.*, 175 Cal. 4 [164 Pac. 798].)

The judgment and the order appealed from are affirmed.

Works, J., and Craig, J., concurred.