[Civ. No. 4398. First Appellate District, Division One.—January 12, 1923.]

## STANKO BRKLJACA, Appellant, v. J. S. ROSS, Respond-ent.

[1] NEGLIGENCE—PEDESTRIAN CROSSING STREET—FAILURE TO OBSERVE APPROACHING CAR.—Under the circumstances disclosed in this action for damages for injuries received as the result of having been struck by defendant's car, it was the duty of plaintiff as he was attempting to cross the street, and particularly as he approached and passed the center line thereof, to have looked to the right and in the direction along the avenue from which danger could be expected from vehicles traveling in the proper direction thereon; and where he failed to do so and, therefore, did not see the lights of defendant's car which were plainly visible, but proceeded across the center line of the street and into the space about to be rightfully traversed by said approaching car, his act in so doing was negligence as a mattter of law.

[2] ID.—FAILURE OF DEFENDANT TO STOP—NEGLIGENCE OF PLAINTIFF. Defendant was not negligent in continuing his progress along the right-hand side of the avenue after plaintiff and his companion came within the space made visible by the lights of defendant's car and were observed by him to be proceeding on their course across the avenue, so long as plaintiff was on the easterly or left-hand side of the street; and defendant was not liable for the injuries received by plaintiff by reason of being struck by defendant's car after plaintiff had entered the right-hand side of the street where defendant was `proceeding carefully and in obedience to traffic rules and, as found by the jury, plaintiff left the place of safety where his companion stood and suddenly and unexpectedly rushed in front of defendant's car when it was too late for defendant to check its progress in time to avoid the impact.

[3] ID.—CAUSE OF ACCIDENT—CONTRIBUTORY NEGLIGENCE—SUFFICIENCY OF ANSWER.—Defendant having affirmatively pleaded that the colli-sion was solely and proximately caused by plaintiff's negligence and without any fault on defendant's part, that was a sufficient

plea to put in issue plaintiff's negligence as the sole cause of the accident from which his injuries arose.

[4] ID.—LAST CLEAR CHANCE—EVIDENCE—INSTRUCTIONS.—There having been no moment of time to which the doctrine of last clear chance could have been given application, the evidence having shown that until plaintiff left the place of safety where his companion was standing he was in no danger of being struck by defendant's car, and that between the moment when plaintiff left that safe position to rush in front of the car and the moment of impact there was not sufficient time to stop the car, the trial court did not commit error in refusing a requested instruction upon the doctrine of "last clear chance."

[5] ID. — OMISSION OF ESSENTIAL ELEMENTS — ERRONEOUS INSTRUCTIONS.—A requested instruction upon the doctrine of "last clear chance" is properly refused where it omits the essential elements to the application of that doctrine, such, for example, as the element that defendant must have had knowledge of the dangerous position in which plaintiff by his own negligence had placed himself, in time to have prevented the impact by the exercise of reasonable care.

[6] ID. — INTOXICATION OF DEFENDANT — EVIDENCE. — In an action for damages for personal injuries received as the result of having been struck by defendant's car, and in which the defendant has put in issue plaintiff's negligence as the sole cause of the accident from which his injuries arose, it is not error to permit a physician, a witness for defendant, to testify that plaintiff, when seen by said witness immediately after the accident, was in a state of intoxication.

[7] ID.—EVIDENCE OF DRINKING—IMPEACHMENT OF WITNESS.—In such action, the court was correct in overruling plaintiff's objection to the impeaching question asked of plaintiff's companion as to whether he had not stated, immediately after the accident, that he and plaintiff had been drinking.

[8] ID. — INTOXICATION OF DEFENDANT — INABILITY TO USE ORDINARY CARE—INSTRUCTIONS.—The court correctly instructed the jury that if they should find that plaintiff was so intoxicated at the time of his injury as to prevent him from using ordinary care for his own protection and that he did not use such ordinary care, and that his failure to do so contributed directly to his injury, he would not be entitled to recover.

---

4. Applicability of doctrine of last clear chance where danger not discovered, notes, 55 L. R. A. 418; 36 L. R. A. (N. S.) 957.

8. Intoxication amounting to contributory negligence, notes, 25 Am. St. Rep. 39; 5 Ann. Cas. 72; 19 Ann. Cas. 1176; Ann. Cas. 1914D, 114; 40 L. R. A. 130; 47 L. R. A. (N. S.) 730; L. R. A. 1916F, 101.

APPEAL from a judgment of the Superior Court of Mendocino County. H. L. Preston, Judge. Affirmed.

The facts are stated in the opinion of the court.

A. L. Wessels for Appellant.

J. A. Pettis and Mannon & Mannon for Respondent.

RICHARDS, J.—This appeal is from a judgment in the defendant's favor in an action for damages for personal injuries alleged by the plaintiff to have been sustained by him by being struck by the automobile of the defendant Mendocino Lumber Company while the same was being operated by the defendant Ross, and that the accident occurred through the latter's careless and negligent operation of said automobile. The answers of the defendants, while admitting the accident, deny that same was caused, or that any injuries which the plaintiff may have sustained thereby were occasioned, through any carelessness or negligence on the part of the defendants, or either of them, in the operation of said automobile, or otherwise. They further deny that at the time of said accident the said machine was the property of the Mendocino Lumber Company, but, on the contrary, allege that the same was the property of the defendant Ross, and that the same was at said time being driven and operated by him solely for his own pleasure and not for or upon any business of the defendant corporation. They further allege that while the said defendant Ross was operating said machine in a careful and prudent manner and in accordance with the traffic regulations, both of the state and of the city of Fort Bragg, and was driving the same upon the right of the center of Redwood Avenue in said city, and at a speed not in excess of fifteen miles an hour, with the lamps and headlights fully lighted and with the horn or warning signal being sounded, the plaintiff, while under the influence of intoxicating liquors, attempted to cross the street upon which said defendant was driving said car, and so carelessly and negligently conducted himself in so doing that he staggered and fell in front of the front wheel of the said automobile, and that whatever injuries and damages were sustained by him were occasioned solely and proximately by

his own negligence. The cause was tried before a jury and was, at the conclusion of the plaintiff's case, dismissed as to the defendant Mendocino Lumber Company. Upon the submission of the cause the verdict of the jury was in favor of the defendant Ross. The judgment followed the verdict. A motion for a new trial was denied, whereupon plaintiff took and prosecutes this appeal.

The appellant in the body of his briefs in support of his appeal discusses learnedly, exhaustively, and with much citation of authority the respective rights and duties of pedestrians and of drivers of vehicles upon the public streets. With the law relative to this subject neither the respondent herein nor this court has in the main any quarrel. The difficulty is not with the law but with its application to the facts of the instant case. As to certain important features of the case the evidence is somewhat conflicting, but from a careful examination of the entire record we are satisfied that there is ample and substantial evidence sustaining the following summary of the facts of the case:

On the evening of November 23, 1919, the plaintiff, accompanied by a companion named Borcick, approached Redwood Avenue, in the city of Fort Bragg, intending to cross the same toward the northeast corner of Redwood Avenue and Franklin Street. They were walking and the plaintiff was pushing a little cart or wagon and their course would take them diagonally across Redwood Avenue in a northwesterly direction. When about to cross said avenue they observed an automobile approaching along it from the west and waited at the curb for said automobile to pass. They then proceeded on their way over and across Redwood Avenue. While they were so doing, the defendant Ross, who was the owner of a seven-passenger Chandler touring car, fully equipped with foot-clutch, foot-brake, emergency hand-brake, electric Klaxon horn and headlights, all in good working order, drove his car, containing besides himself four other passengers, from McPherson Street into Redwood Avenue at a point approximately two hundred feet easterly from the course which the plaintiff and his companion were pursuing in crossing said avenue. The street was otherwise unoccupied and unobstructed, and as the defendant's machine turned into said avenue the plaintiff and

his companion came within the range of the lights of the car and were seen by the driver and the other occupants of the car in the act of crossing said avenue. The car, with its lights thus turned on, were equally visible to the plaintiff and his companion had they looked in that direction. The defendant Ross sounded his horn as he came on down the avenue and diminished his speed as he approached the course which the plaintiff was taking until, as he neared the line of the plaintiff's progress, he was proceeding at a speed not to exceed three miles an hour. He sounded his horn several times as he approached and up to the time he was within a few feet of the place plaintiff and his companion were walking toward the center of said avenue and apparently up to that time paying no attention to the approaching car with its lights and sounding horn. When the car was within twenty or twenty-five feet of where plaintiff and his companion were the latter stopped his further progress and was in a place of safety. But the plaintiff went ahead and then turned back and then, and when too late for an impact to be avoided, went ahead again immediately in front of the car and was struck before the driver could stop the machine or avoid the impact. The occupants of the car all testified that the car was almost at a standstill when it struck the plaintiff and that it came to a stop immediately thereafter. The undisputed evidence shows that the defendant's car was at all times proceeding along said avenue on the right-hand of the center thereof and well over toward the curb, and that the impact with the plaintiff occurred when he was at a point in his progress across said avenue several feet past the center line thereof. The plaintiff, from the impact, sustained the injuries of which he complains. [1] From the foregoing state of the facts it may not be questioned that as a matter of law it was the duty of the plaintiff as he was attempting to cross Redwood Avenue, and particularly as he approached and passed the center line thereof, to have looked to the right and in the direction along the avenue from which danger could be expected from vehicles traveling westerly thereon. (*Sheldon* v. *James,* 175 Cal. 474 [2 A. L. R. 1493, 166 Pac. 8]; *Moss* v. *Boynton Co.,* 44 Cal. App. 474 [186 Pac. 631].) Had the plaintiff thus looked, as he was in duty bound to do, he must have seen the lights of the defendant's approaching car and been aware

of its approach. He cannot, therefore, be heard to excuse himself for proceeding across the center line of the said avenue and into the space about to be rightfully traversed by said approaching car, upon the plea that he was not aware of its approach. His act in so doing was, therefore, upon the undisputed facts of the case, negligence as a matter of law. (*Moss* v. *Boynton Co., supra.*)

[2] As to the alleged negligence of the defendant, it cannot be reasonably contended by the appellant herein that the defendant was negligent in continuing his progress westerly along the right-hand side of Redwood Avenue from the time when upon entering upon said avenue the plaintiff and his companion came within the space made visible by the lights of his car and were observed by him to be proceeding on their course across the avenue. He could not be held negligent in so proceeding so long, at least, as the plaintiff was upon the easterly side of the avenue, since the defendant would have had the right to assume that his car was as visible and observed by the plaintiff as the plaintiff was visible and observed by him. Besides, the undisputed evidence shows that the defendant was proceeding carefully and in obedience to traffic rules and from time to time sounding his horn, after the plaintiff came within the range of his vision. The mere fact that the plaintiff did not stop in his progress before reaching the center of the avenue or even did not show by his actions that he was aware of the defendant's approach, would not of itself require the latter to cease from his further progress along his rightful course upon said avenue, since he would have the right, in the absence of any knowledge to the contrary, to assume that the plaintiff would not cross the center line of the street and enter the danger zone without assuring himself as to his safety in so doing by looking to his right for approaching vehicles. Up to the moment, therefore, that the plaintiff crossed the center line of the avenue the defendant could not, upon the practically uncontradicted evidence in this case, be charged with any neglect of duty. The question, therefore, of defendant's negligence reduces itself to the limited time and space after the plaintiff had crossed the center line of the avenue and come within the danger line of the defendant's approaching car. The evidence as to what oc-

curred within that space shows, without substantial conflict, that the impact between the plaintiff and the defendant's car occurred by reason of the fact that the plaintiff, whether he was panic-stricken by the sudden sounding of the defendant's horn or by the immediate presence of the approaching car, or whether as the defendant claimed, he was intoxicated, left the place of safety where his companion stood and suddenly and unexpectedly rushed in front of the car when it was too late for the defendant to check the progress in time to avoid the impact. The general verdict of the jury implies a finding to this effect, and with such finding in the state of this record we have no right to interfere.

[3] The appellant makes a number of contentions not involving the matter of conflicting evidence and which should be disposed of. He contends that the defendant has interposed no adequate plea of contributory negligence. In the sense that contributory negligence is a plea of confession and avoidance this contention may be taken to be true, since the defendant nowhere admits any negligence on his own part to which the plaintiff's negligence contributed in causing the collision. The defendant, however, does affirmatively plead that the collision was solely and proximately caused by the plaintiff's negligence and without any fault on the defendant's part. This was a sufficient plea to put in issue the plaintiff's negligence as the sole cause of the accident from which his injuries arose.

[4] The appellant further contends that he was entitled to an instruction upon the doctrine of "last clear chance," which the trial court refused, upon his request, to give. We are satisfied, however, that there was no moment of time to which the doctrine of last clear chance could have been given application in the instant case. Until the plaintiff left the place of safety where his companion was standing he was obviously in no danger of being struck by the defendant's car. Nor was the defendant under any duty to stop the progress of his car while the plaintiff was in such place of safety. The practically undisputed evidence shows that between the moment when the plaintiff left that safe position to rush in front of the car and the moment of impact there was not sufficient time to

stop the car. Under such conditions there was no clear
chance open to the defendant to avoid the collision and
hence no instant of opportunity to which the doctrine of
the last clear chance could apply. The court was not re-
quested to give an instruction upon a subject not embraced
within the facts of the case. [5] Furthermore, an ex-
amination of the instructions requested by plaintiff, as em-
bodying the doctrine of last clear chance, omit the essential
elements necessary to the application of this doctrine; such,
for example, as the element that the defendant must have
had knowledge of the dangerous position in which the plain-
tiff by his own negligence had placed himself, in time to
have prevented the impact by the exercise of reasonable
care. (*Cady* v. *Sanford*, 57 Cal. App. 218 [207 Pac. 45];
*Young* v. *Southern Pac. Co.*, 182 Cal. 369 [210 Pac. 259].)

[6] The appellant further contends that the trial court
was in error in permitting a certain physician, who was a
witness for the defendant, to testify that the plaintiff, when
seen by said witness immediately after the accident, was in
a state of intoxication. There is no merit in this conten-
tion, for while it is true that "a drunken man is as much
entitled to a safe street as a sober one and more in need
of it," it is also true that evidence of the plaintiff's physi-
cal and mental condition as to sobriety or intoxication would
be relevant to the issue as to whether he had heedlessly and
witlessly exposed himself to injury at the immediate moment
of the accident. The ruling of the trial court was therefore
correct in admitting this evidence. [7] It was also correct
in overruling the plaintiff's objection to the impeaching ques-
tion asked of plaintiff's companion Borcick as to whether
he had not stated, immediately after the accident, that he
and the plaintiff had been drinking. [8] A similar con-
clusion must be arrived at as to the instruction of the trial
court, to the effect that if the jury should find that plaintiff
was so intoxicated at the time of his injury as to prevent
him from using ordinary care for his own protection and
that he did not use such ordinary care, and that his failure
so to do contributed directly to his injury, he would not be
entitled to recover. This instruction, taken with the other
very full instruction of the court, correctly states the law.
(29 Cyc. 642.)

We do not find that any of the other points urged by the appellant require separate consideration.

The judgment is affirmed.

Tyler, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 12, 1923, and the following opinion then rendered thereon:

THE COURT.—In denying a rehearing we wish to state that under the facts as detailed in the opinion the question of whether or not the plaintiff was negligent was a question determined adversely to him by the trial judge and by the jury, who considered both the law and the facts. It is, therefore, unnecessary for the opinion to be predicated upon the proposition that the plaintiff was guilty of negligence as a matter of law. The jury having found him guilty of negligence as a matter of fact he was not entitled to recover.

Petition denied.

Wilbur, C. J., Lawlor, J., Lennon, J., Waste, J., Seawell, J., Kerrigan, J., and Myers, J., concurred.