[Civ. No. 6449.   Third District.   Feb. 13, 1942.]

ELIZABETH FRANCIS JONES, as Administratrix, etc., et al., Respondents, v. FRED C. HEINRICH, Appellant.

Honey & Mayall for Appellant.

Dudley W. Sheppard and Price & Merrill for Respondents.

STEEL, J. pro tem.—This is an appeal by the defendant from an order granting plaintiffs' motion for a new trial after judgment entered, upon the verdict of the jury, in favor of the defendant.

The order granting a new trial was general in form and did not specify insufficiency of the evidence as one of the grounds upon which it was based (Code of Civil Procedure, section 657) therefore we will limit our consideration to the errors in law alleged to have been committed by the trial court in granting the motion.

While appellant urged that the evidence shows contributory negligence upon the part of plaintiffs' decedent, as a matter of law, and is insufficient as a matter of law, to show any negligent act upon the part of defendant which would sustain a finding of negligence against him, we are satisfied from an examination of the record that the evidence presents questions of fact rather than law. The principal question presented upon this appeal involves the giving and the refusal to give certain instructions, it being the contention of the respondents that such alleged error was sufficient to warrant the court in granting a new trial. Preliminary to considering this question we will set forth so much of the evidence as is necessary to an understanding and discussion of the factual situation.

The action here arises out of an automobile-pedestrian accident occuring on McKinley Avenue, a few blocks south of the city limits of the city of Stockton, and in which plaintiffs' decedent, Mrs. James Francis, was struck and killed by an automobile driven by the defendant Fred C. Heinrich.

McKinley Avenue runs north and south, and is intersected near the scene of the accident by Eighth and Ninth Streets running easterly and westerly at right angles to McKinley Avenue, which streets do not continue directly across McKinley Avenue but have a definite jog or offset between

their entrance to and their departure from McKinley Avenue. The decedent with her daughter and son-in-law had arrived from Reno, and were stopping in an auto court on the easterly side of McKinley Avenue, and on the evening of their arrival shortly after eight o'clock, the decedent left the auto camp, crossed McKinley Avenue to a fruit stand, made a purchase, and after returning to the cabin decided she wanted some oranges, so again crossed the street to the fruit stand, and it was on this second trip that the accident occurred. The highway is what may be referred to as a three-lane highway, approximately 78 feet in width with two white lines marking the center lane used for passing. The defendant Heinrich, accompanied by his wife, son, father-in-law, mother-in-law and nephew were traveling north on the highway; it appears that there were no vehicles approaching within a quarter of a mile or more, and that shortly prior to the accident the defendant had slowed down to 25 or 30 miles per hour according to his testimony, they having then entered the residential district, the speed limit of which, according to the posted signs, was 25 miles per hour. It is the testimony of the defendant that he was traveling at this speed when he first saw Mrs. Francis, that his lights were on low, and that he could see from 75 to 100 feet ahead, and that when he first saw the decedent she was walking east or from his left, and was stepping across the most easterly white line into his lane of traffic; that she was then about 45 or 50 feet from him; that he put on his brakes slowly, not with the intention of stopping, and turned to his left into the center lane to pass behind her, and when about ten feet from her put on his brakes hard as she stepped backwards into his new lane of travel. At this time he was traveling about 15 miles per hour. He struck the decedent with the right front of his car between the fender and the light, the car coming to rest with the right front wheel on her body. He then released his brakes and moved forward to the north about 8 feet and stopped his car. The defendant, his son and father-in-law, seated in the front seat of defendant's car, were the only eye witnesses to what occurred.

The highway patrol officers who arrived at the scene very shortly after the accident were called as witnesses by the plaintiffs, and testified that the defendant had stated he was traveling between 30 and 35 miles per hour at the time of the accident; that they had measured the skid marks of the defendant's car and found them to be 87 feet 6 inches in

length, and that the point where the car came to a stop on the body of decedent was 34 feet beyond the end of the skid marks. The officers placed the point of impact in the southerly unmarked crosswalk of Ninth Street and the point where the body came to rest at a point in the intersection of Ninth Street and the highway or McKinley Avenue. There is evidence also that the Auto Court lights on one side of the highway and the fruit store lights on the other side spread out over the highway where the accident happened.

The foregoing is a summary of the evidence relating to the happening of the accident. ██ The defendant requested and the court gave the following instruction on the doctrine of imminent peril, which the respondents urged as error in support of their motion for a new trial.

"If you find from the evidence in this case that the defendant Fred C. Heinrich was suddenly confronted with unexpected and imminent danger, either to himself or to another, then he was not expected nor required to use the same judgment and prudence that would have been required of him in the exercise of ordinary care in calmer and more deliberate moments. His duty was to exercise only that amount of care which an ordinarily prudent person would exercise if confronted with the same unexpected danger under the same circumstances."

It will be observed that the instruction omits the qualification that the defendant Heinrich must not have been placed in a position of unexpected and imminent danger through any fault or negligence on his part. Plaintiffs requested and the court gave an instruction with reference to the imminent peril doctrine as applied to the decedent which contained the limitation "without fault or negligence on her part." Thus it will be seen that the instruction complained of was doubly prejudicial to the plaintiffs as the defendant was given the benefit of the rule, if confronted with sudden danger, while the plaintiffs were not. Appellant contends that other given instructions on the question of negligence cure the error, if any, in the instruction complained of, citing authorities in support thereof. However, under the facts in the instant case, which disclose the main issue to be the question of negligence and contributory negligence, and to which the instruction was particularly applicable, the omission of the limitation was prejudicially erroneous to the plaintiffs' case. (*Gootar* v.

*Levin,* 109 Cal. App. 703 [293 Pac. 706] ; *Howard* v. *Worthington,* 50 Cal. App. 556 [195 Pac. 709] ; *Stealey* v. *Chessum,* 123 Cal. App. 446, 449 [11 Pac. (2d) 428].)

■ Plaintiffs requested and the court refused to give the following instruction on the question of due care, and in support of their motion for a new trial urged such refusal as error.

"At the outset of this trial, each party was entitled to the presumptions of law that every person takes ordinary care of his own concerns and that he obeys the law. These presumptions are a form of prima facie evidence and will support findings in accordance therewith, in the absence of evidence to the contrary. When there is other evidence that conflicts with such a presumption, it is the jury's duty to weigh that evidence against the presumption (and any evidence that may support the presumption), to determine which, if either, preponderates. Such deliberations, of course, shall be related to, and in accordance with, my instructions on the burden of proof."

While the offered instruction should not have extended the presumption to the defendant who was present in court and testified with reference to his actions, the giving of it under such circumstances is generally held not to constitute prejudicial error. (*Rogers* v. *Interstate Transit Co.,* 212 Cal. 36 [297 Pac. 884] ; *Tuttle* v. *Crawford,* 8 Cal. (2d) 126 [63 Pac. (2d) 1128].)

Plaintiffs were entitled to an instruction giving the decedent the benefit of such presumption, especially so in a situation such as in the instant case where the plaintiffs could produce no eye witnesses as to what occurred, and there were none other than the defendant and his relatives who occupied the car with him and who testified to the facts with reference to the conduct of decedent in crossing the street. Under the circumstances, this presumption, which is in itself a species of evidence and the only bit of evidence available to the plaintiffs which would tend to refute the claim of the defendant that the deceased was guilty of contributory negligence, should have been before the jury in their deliberations. We conclude it was error not to have given it. (*Westberg* v. *Willde,* 14 Cal. (2d) 360 [94 Pac. (2d) 590] ; *Ellison* v. *Lang Transportation Co.,* 12 Cal. (2d) 355 [84 Pac. (2d) 510]; *Stealey* v. *Chessum, supra.*)

■ The plaintiffs and respondents contend that the court

erred in refusing to give an instruction upon the doctrine of "last clear chance" which they requested. An examination of the evidence indicates that it does not include all of the elements necessary to an application of the doctrine,—for instance it does not appear that when the decedent was first observed by the defendant she was in a position of peril or that he knew, or should have known by the exercise of ordinary care, that she would not continue on her way across the highway. Until the moment she stepped back she was not in a position of peril, and it was then defendant applied his brakes full force. We think the court properly refused to instruct the jury on this doctrine.

The rule has long been established that much is committed to the discretion of the trial court in determining whether the giving or refusal to give certain instructions has operated prejudicially and its conclusion will not be disturbed unless it appears that such discretion has been abused.

The order granting a new trial is affirmed.

Tuttle, J., and Thompson, Acting P. J., concurred.