[L. A. No. 22005. In Bank. Nov. 30, 1951.]

CLARENCE A. PETERSON et al., Respondents, v.
EVERETT G. BURKHALTER, Appellant.

Betts, Ely & Loomis and John A. Loomis for Appellant.

Cushman, Lynch & Wetherbee and E. Spurgeon Rothrock for Respondents.

EDMONDS, J.—A motor scooter ridden by Jon Peterson, a minor, and an automobile which Everett G. Burkhalter was driving collided at an intersection. The young man is suing for damages for personal injuries sustained at that time, and his father claims special damages for medical services. Burkhalter's appeal from the judgment entered against him upon the verdict of a jury presents only the question as to the propriety of an instruction on the doctrine of last clear chance.

Stated most favorably to the giving of the instruction, the evidence shows the following facts:

Burkhalter was proceeding in his automobile in a northerly direction on Craner Avenue at about 15 to 20 miles per hour. According to his testimony, when he was approximately 50 feet south of the intersection of Craner Avenue and Collins

Street, he saw Peterson on the motor scooter. At that time, Peterson was traveling east on Collins Street at approximately 30 miles per hour. The boy was about 75 feet from the intersection and looking over his right shoulder in the opposite direction from which he was traveling.

Burkhalter directed his attention to the right and when he next saw Peterson, the motor scooter was 4 to 5 feet from the left side of the Burkhalter automobile, which was then in the center of the intersection. The boy was still looking over his right shoulder. The motor scooter hit the automobile at the left rear door.

Burkhalter testified that the impact occurred at a point approximately 1½ feet north of the center of Collins Street and at the center of Craner Avenue. His automobile was then two thirds of its length past the center of the intersection and traveling at a speed of 15 to 18 miles per hour. The motor scooter struck the automobile at a slight angle.

Burkhalter told the jury that his brakes were in excellent condition; he could have stopped his car within "just a few feet, 10 or 15, possibly." However, he did not sound his horn at any time prior to the accident nor did he apply his brakes or attempt to change his direction of travel. He stated that when he saw the boy immediately before the impact, he tried to accelerate in order to move out of Peterson's way, but was unsuccessful in doing so. The automobile came to rest 28 to 32 feet past the point of collision but Burkhalter stated that he could have stopped it within a lesser distance.

The jurors returned a verdict for only the amount of special damages sustained by the father. Upon inquiry by court and counsel, the foreman stated that they had found against the boy on the ground of contributory negligence. The doctrine of last clear chance was then restated, and after further deliberation, a verdict was returned for the same amount but in favor of both the boy and his father. The appeal is from the judgment entered accordingly.

No complaint is made of the form of the instruction on the doctrine of last clear chance, but Burkhalter contends that the rule is inapplicable. None of the required elements is present, he says, and a judgment must be entered in his favor because the evidence shows, as a matter of law, that Peterson was guilty of contributory negligence.

An instruction stating the doctrine of last clear chance is proper when the evidence shows: "That plaintiff has been negligent and, as a result thereof, is in a position of danger

from which he cannot escape by the exercise of ordinary care; and this includes not only where it is physically impossible for him to escape, but also in cases where he is totally unaware of his danger and for that reason unable to escape; that defendant has knowledge that the plaintiff is in such a situation, and knows, or in the exercise of ordinary care should know, that plaintiff cannot escape from such situation, and has the last clear chance to avoid the accident by exercising ordinary care, and fails to exercise the same, and the accident results thereby, and plaintiff is injured as the proximate result of such failure." (*Girdner* v. *Union Oil Co.*, 216 Cal. 197, 202 [13 P.2d 915].) In substance, the instruction given at the request of Peterson stated these essential elements.

Burkhalter contends that the evidence does not show that Peterson was in "a position of danger" when first observed by him; that is, when Peterson was 75 feet from the intersection, traveling 30 miles per hour, and looking in the opposite direction from that in which he was moving. "A position of danger," he argues, means that the plaintiff must have been so near the path of travel of the defendant's automobile that he could not escape a collision by the exercise of ordinary care.

 This reasoning is based upon the fallacious assumption that the doctrine of last clear chance is limited in application to a situation where the plaintiff is physically helpless to prevent the impending accident through the exercise of ordinary care. Although Burkhalter cites decisions in which the plaintiff, at the time of discovery, was in the path of the approaching vehicle, neither the opinions in those cases nor any logical reason justifies such a limitation upon the rule. (See *Girdner* v. *Union Oil Co., supra; Bonebrake* v. *McCormick*, 35 Cal.2d 16 [215 P.2d 728].) When Peterson was first seen by Burkhalter, the vehicles were 75 to 50 feet, respectively, from the intersection, and traveling at speeds which would place them in the intersection at the same time. To argue that Peterson was not then in "a position of danger" is to disregard reality.

As to the contention that Peterson may not have the benefit of the doctrine of last clear chance because he was physically able to prevent the accident by stopping or turning, Burkhalter ignores the fact that the inattentive plaintiff, as well as the physically helpless one, comes within the scope of the rule. It applies ". . . not only where it is physically impossible for him to escape, but also in cases where he is totally unaware of his danger and for that reason unable to escape. . . ."

(*Girdner* v. *Union Oil Co., supra.*) The continuing negligence of a plaintiff does not bar him from obtaining a judgment against the person who had the last clear chance to avoid the accident.

Also relied upon for reversal of the judgment is the testimony of Burkhalter that when he first saw Peterson he was not aware of a possible collision. But the application of the doctrine of last clear chance is not dependent upon an admission by the defendant that he expected that there might be a collision. As stated in *Cady* v. *Sanford*, 57 Cal.App. 218, 226 [207 P. 45], ''It was not necessary that appellant should actually know that an accident was inevitable if he failed to exercise care. It is enough if the circumstances of which he had knowledge were such as to convey to the mind of a reasonably prudent man a question as to whether respondent would be able to escape a collision.''

Burkhalter compares his situation to that of the defendant in *Johnson* v. *Southwestern Engineering Co.*, 41 Cal.App.2d 623 [107 P.2d 417]. There the rule of last clear chance was held to be inapplicable because of a lack of evidence showing knowledge by the defendant of the plaintiff's danger. Johnson had fallen asleep while driving his automobile, and there was no evidence that the driver of the other car was aware of this fact. For that reason, it was held, the defendant did not know that Johnson was in a position of danger, and did not have the last clear chance to avoid the collision.

 Burkhalter knew that Peterson was oblivious to the impending collision, and he excuses his failure to do anything to avert the accident upon the ground that he had no reason to expect continuing negligence on the part of Peterson. However, there is ample evidence from which the jury could determine that a reasonably prudent man, knowing the facts of which Burkhalter was aware, should have foreseen that Peterson might not turn or stop his motor scooter. Under such circumstances, it was negligent for Burkhalter to proceed toward the intersection acting upon a contrary assumption. It is this evidence which distinguishes such cases as *Jones* v. *Heinrich*, 49 Cal.App.2d 702 [122 P.2d 304], *McHugh* v. *Market Street Ry. Co.*, 29 Cal.App.2d 737 [85 P.2d 467], and *Choquette* v. *Key System Transit Co.*, 118 Cal.App. 643 [5 P.2d 921], relied upon by Burkhalter.

Finally, Burkhalter contends that he neither had, nor failed to avail himself of, a clear opportunity to avoid the accident by the exercise of ordinary care. However, as has

been stated, the jury could properly find from the evidence that Peterson was in a position of danger when first seen by Burkhalter, who then had reason to believe the boy was totally unaware of the impending collision.

In taking the position that, as a matter of law, he did not have a "last *clear* chance" to avoid the accident but only a possible one, Burkhalter relies upon *Poncino* v. *Reid-Murdock & Co.*, 136 Cal.App. 223 [28 P.2d 932]. It was there held that "Under the evidence presented we are of the opinion that the trial court correctly refused appellant's proposed instruction on the last clear chance doctrine." This holding was based upon evidence that, at the time the defendant saw the plaintiff commence a sudden turn to the left, he was 50 feet away and had two seconds within which to stop. The defendant was driving 20 or 35 miles per hour, and the street was "a little wet." There was expert testimony that the defendant's car could be stopped in 16 feet when traveling 20 miles per hour, and in 45 to 50 feet when traveling 35 miles per hour, if the street were dry.

But in stating these distances, the witness did not include the required reaction time which, he testified, might be "a second or more." Also the record showed that the plaintiff was not unaware of the impending danger. If the defendant could have stopped or turned to avoid the collision, said the court, the plaintiff could likewise have stopped or turned for that purpose. It was on this ground that *Girdner* v. *Union Oil Co.*, *supra*, which is factually similar to the present case, was distinguished.

Considering the evidence in the Poncino case, it does not stand for the proposition that, as a matter of law, a defendant with two seconds within which to avoid an accident had no chance to do so. ■ In a proper case, an appellate court might say that the defendant did not have a chance which amounted to a "clear" one. But the rule should not be applied when the only evidence is to the effect that the defendant could have avoided the accident within the existing time and distance limitations.

■ Burkhalter saw Peterson when 50 feet from the intersection. He estimated that he could stop his automobile within 10 or 15 feet. He did stop within 28 to 30 feet after the impact, and testified that he could have done so sooner. All of the evidence indicates that Burkhalter might have halted his automobile at a much less distance than 50 feet.

Moreover, Burkhalter's testimony reveals that he made no attempt to avoid the accident by turning his automobile or sounding his horn. It cannot be said, as a matter of law, that he did not have sufficient time in which to do something, and the jury properly might have found that sounding his horn to attract the attention of Peterson would have constituted the exercise of reasonable care on his part to avert the accident. (See Rest. Torts, § 480, comment b.)

The judgment is affirmed.

Gibson, C. J., Shenk, J., and Carter, J., concurred.

Traynor, J., concurred in the judgment.

SPENCE, J.—I concur in the judgment.

The situation presented here is quite similar to that which was before this court in *Girdner* v. *Union Oil Co.*, 216 Cal. 197 [13 P.2d 915]. While that case and the present one appear to be "border line cases" (see *Poncino* v. *Reid-Murdock & Co.*, 136 Cal.App. 223, 231 [28 P.2d 932]), the peculiar facts here, shown by the testimony most favorable to the application of the doctrine of last clear chance, justified the submission of that issue to the jury. The trial court therefore did not err in giving an instruction on that subject.

I adhere, however, to the views expressed in *Poncino* v. *Reid-Murdock & Co.*, *supra*, 136 Cal.App. 223, and in *Johnson* v. *Sacramento Northern Ry.*, 54 Cal.App.2d 528 [129 P.2d 503], which views need not be repeated here. The review of the authorities made in those decisions shows that the last clear chance doctrine is ordinarily inapplicable to a situation involving the collision of two moving vehicles, for in such cases the negligent act of plaintiff which creates the peril usually occurs practically simultaneously with the happening of the accident, and neither party may be said to have had a last clear chance to avoid the consequences.

There is language in some of the decisions, and some implication in the majority opinion here, indicating that a last clear chance instruction should be given whenever there is any evidence tending to show that defendant, after discovering plaintiff's peril, had a chance "to do something" to avoid the accident. Such is not the rule, for it is only where there is evidence tending to show that defendant had a last clear

chance, as distinguished from a bare possible chance, to avoid the accident that the doctrine may be applied.

SCHAUER, J.—I dissent. The standard of conduct required of the defendant in this case exceeds that imposed in any reported case which has come to my attention. The majority require that the defendant in entering and crossing a street intersection at a lawful rate of speed, and having the right of way over plaintiff, should have looked right, looked left, looked ahead (all of which he did do) *and have anticipated that plaintiff riding a motor scooter approaching and entering the same intersection from the defendant's left at a speed not over 30 miles per hour would for more than 75 feet of his travel look neither right or left nor ahead but only behind him, would violate the law by failing to yield the right of way to defendant, and crash into defendant's car.* For failing to anticipate all these things and avoid the accident defendant is liable to plaintiff in damages on the theory of last *clear* chance. The plaintiff, hold the majority, was in a position of danger from which he could not, and could not be expected by a reasonable man to, extricate himself.

The tendency of courts in recent years to extend application of the last clear chance doctrine has been manifest. I think there should be a limit to its extension and that this case passes reasonable bounds.