[Civ. No. 6612.   Second Appellate District, Division Two.—March 24, 1931.]

MARGUERITE WILSON, Respondent, v. EMIL KESTENHOLZ, Appellant.

McFadden & Holden and Leo J. Friis for Appellant.

Albert Launer and Harold A. McCabe for Respondent.

CRAIG, J.—The defendant has appealed from a judgment rendered in favor of the plaintiff by the Superior Court of Orange County for damages, and has assigned as his principal ground for reversal an asserted insufficiency of evidence.

█ It was agreed that while driving an automobile in a southerly direction on West Street in the city of Anaheim, the defendant struck the plaintiff, who was walking ahead of him in the same direction. The latter swore that she was at all times walking on the "soft dirt", about one and one-half feet to two feet to the right and parallel with an oiled pavement which was between sixteen and eighteen feet wide, constituting the main thoroughfare for motor vehicles. She testified positively that she was at no time on the pavement, that she heard an automobile approaching behind her, but that no signal was given. The defendant testified that he was driving on the pavement, that he saw the plaintiff about fifteen feet in front of his car, and that he did not change his course nor depart from the regular macadamized surface. The trial court found, however, that the defendant was driving "in a negligent, careless and unlawful manner", which caused the plaintiff to be thrown to the ground, as a result of which she suffered serious injuries. As conclusions of law, it is recited that the defendant's negligence was the proximate cause of said injuries and that the plaintiff was entitled to judgment.

Appellant contends that, having testified that he did not change his course while proceeding in a southerly direction along the paved highway, the court erred in finding that he was negligent, and in failing to find that the plaintiff did change her course and step in front of the approaching machine. But it requires slight, if any, reference to the authorities for refutation of such theory under the circumstances of the case presented. It has been held under similar circumstances that the pedestrian is plainly visible to the driver, and is under no legal obligation to anticipate danger or to look back, whereas the latter is bound not only to give reasonable warning, but also to exercise every reasonable precaution to insure safety. "In the exercise of 'every precaution' which the law enjoins, it is well within the spirit of the law to say that the driver of an automobile approaching pedestrians, and particularly women, must have his car under such control as that it may be promptly stopped." (*Raymond* v. *Hill*, 168 Cal. 473 [143 Pac. 743, 747].) █ The court is not bound by the testimony of any single witness, but may reject part or all of his testimony and accept that of any other witness which seems

more probable under all of the evidence adduced. (*Zibbell v. Southern Pac. Co.,* 160 Cal. 237 [116 Pac. 513].) And an appellate court will not attempt to judge the credibility of witnesses nor to question the judgment below, except where the record demonstrates that in the very nature of things certain testimony cannot be true. (*Badover v. Guaranty Tr. & Sav. Bank,* 186 Cal. 775 [200 Pac. 638].) That this is not such a case is at once apparent. We find no error.

The judgment is affirmed.

Works, P. J., and Thompson (Ira F.), J., concurred.