[Civ. No. 12837.   Second Appellate District, Division Two.—March 26, 1941.]

HARRY F. BRIGHT, Respondent, v. FRED W. ZABLER et al., Appellants.

707

Joseph Seymour for Appellants.

Smith & Delwiche for Respondent.

MOORE, P. J.—This is an appeal from a judgment in favor of plaintiff for $2,100 for personal injuries received when he was struck by an automobile driven by defendant, Fred W. Zabler. The judgment went against Alvina Zabler also because she was the owner of the automobile operated by her husband with her permission.

The collision of defendant's car with plaintiff occurred at 4 o'clock in the afternoon of July 27, 1939. At the time plaintiff was standing on the shoulder, just off the traveled portion of the state highway No. 101, at a point near Carpenteria in Santa Barbara County. He was engaged in conversation with one Willibrandt, the driver of a truck which was parked on the shoulder of the northerly side of the highway but off the traveled concrete portion thereof. Mr. Zabler was driving his car in excess of thirty-five miles per hour westerly on the concrete portion and within an area zoned for speed not to exceed twenty-five miles per hour. For some dis-

tance both east and west of the point where plaintiff stood the highway has three concrete lanes, each ten feet in width. Commencing at a line adjacent to the north lane, the asphalt shoulder extends out from the concrete seven or eight feet.

During his conversation with Willibrandt, plaintiff stood on the asphalt about one foot north of the pavement with his back to the highway. About 350 feet east of the same spot was a bridge. After crossing the bridge, defendant observed the truck parked on the asphalt. When he arrived at about seventy-five feet east of the parked truck, he saw plaintiff standing on the shoulder at the side of and facing the parked truck. After seeing plaintiff Zabler had ample room to pass him and there was then nothing to prevent his driving upon any portion of the three lanes of pavement. However, defendant continued in his general westerly course in the north lane, and without giving any warning or without applying his brakes, veered sufficiently to strike plaintiff. At no time after defendant first observed plaintiff did the latter change his position until the Zabler car struck him. Neither the driver nor the injured man witnessed the impact but the evidence leaves no doubt and the court found that the Zabler car struck plaintiff causing him severe physical injuries, to wit, fractures of the right shoulder joint and of the spine of the scapula and injuries to the head and abdomen.

█ Before discussing the merits of the appeal, we are constrained to impart some reflections upon the indisposition of counsel, which appears all too frequently, to follow the requirements of the court rules. Section 2 of Rule VIII of the Rules for the Supreme Court and District Courts of Appeal provides: "The brief or petition must present each point separately under an appropriate heading showing the nature of the question to be presented or the point to be made". Although defendants attempted to assign a number of errors, they are not presented separately or under appropriate headings. Defendants' opening brief contains the following headings: "Statement of questions Involved"; "Introductory Statement Regarding Facts"; "Theories upon which Case Was Tried"; "Points on Appeal"; "Observations"; "Factual Discussion"; "Comment"; and "Discussion of the Law and Citation of Authorities". No comment of this court is necessary as to the inadequacy of the quoted phrases to comply with

the court rules. Plaintiff's reply brief and defendants' closing brief in the same respect are likewise defective. None of them indicates that a proposition of law is in the offing. None discloses a disposition to comply with the rules or to minimize the labors of the court. While we may not dismiss an appeal because of such mechanical poverty of the briefs, those of the legal profession who are not habituated to the art of appellate procedure are reminded that under the section mentioned, as amended in 1937, we may require the brief to be amended or a supplementary brief to be filed in order to cure the defect. However, since the points discussed were not difficult of solution, we have abstained from penalizing the litigants by requiring a strict compliance with the rule.

We are to determine: (1) whether the proof supported the findings; (2) whether the plaintiff was guilty of contributory negligence; (3) whether the doctrine of the last clear chance and of imminent peril are applicable, and (4) whether the amount of the judgment is excessive.

Although the finding is that Mr. Zabler so negligently operated his automobile that he caused it to strike plaintiff and that as a proximate result of such negligence plaintiff received his injuries and that plaintiff was free from contributory negligence, yet defendants contend that the court failed to find with respect to plaintiff's negligence. Contributory negligence was affirmatively pleaded in the answer and the court found that such allegations were untrue. Defendants also fervently argue that such findings are not supported by the evidence. They refer to portions of the testimony of various witnesses only to succeed in demonstrating that the evidence as to the manner in which the accident happened was conflicting in many respects. Under such circumstances it was the duty of the trial court to resolve the conflict and on appeal it must be assumed that the conflict was resolved in favor of the prevailing party. (*Cleveland* v. *Estate of Edwards,* 16 Cal. App. (2d) 388 [60 Pac. (2d) 540].) If there is competent evidence to support the findings of fact in question, disregarding all conflicts and considering the evidence most favorable to plaintiff, then they must be sustained. (*Wickman* v. *Lowenstein,* 136 Cal. App. 279 [28 Pac. (2d) 681].) Every reasonable inference from the evidence must be accredited to the findings of fact. The fact that some inference other than that which the trial

court drew may be drawn from the evidence will not justify this court's interference with the findings. (*Hamilton* v. *Pacific Elec. Ry. Co.*, 12 Cal. (2d) 598 [86 Pac. (2d) 829]; *Beck* v. *Sirota*, 42 Cal. App. (2d) 551 [109 Pac. (2d) 419].)

The facts found are stated above and they are generously supported by the evidence. While plaintiff was standing off the traveled portion of the boulevard in broad daylight, he was struck without warning by the automobile driven by Zabler, who had a thirty foot concrete highway on which to operate his car. There is no paucity of evidence bearing upon any material issue. (*Wilson* v. *Kestenholz*, 113 Cal. App. 13 [297 Pac. 954].) Under the circumstances disclosed by the record, the court could hardly have made any other finding than that plaintiff was free from contributory negligence.

■ Defendants correctly maintain that the doctrine of the last clear chance is not applicable to the facts of this case. That doctrine presupposes the situation where plaintiff has been negligent. (*Girdner* v. *Union Oil Co.*, 216 Cal. 197, 202 [13 Pac. (2d) 915].) The finding that plaintiff was free from negligence is based upon substantial evidence and negatives the possibility of applying such doctrine. Likewise, for similar reasons, the doctrine of imminent peril is not applicable to the facts of this case.

■ Defendants argue that the facts disclose an unavoidable accident and that, therefore, the judgment is contrary to law. Their argument is based upon the circumstances disclosed by Mr. Zabler's testimony. As he was crossing the bridge another automobile passed him. From this fact, it is argued that Zabler's view was obstructed by the car which passed him and that plaintiff must have stepped back into the path of defendants' automobile. But to us it appears that the trial court justifiably believed that defendants' car, at all times after leaving the bridge, traveled in the north lane of the highway and that plaintiff was at all times standing on the asphalt shoulder. Just after Zabler crossed the bridge he saw the parked truck. When he was still seventy-five feet away, he saw plaintiff and thereafter observed that he did not move from his position until after the accident. There is, therefore, no support for defendants' contention on this point. Under such circumstances, together with the fact of the wide, unobstructed highway open to him, there is noth-

ing upon which to base a claim of unavoidable accident, for the conclusion is inescapable that Zabler was not exercising reasonable care.

It is suggested, although defendants failed to argue the point, that the damages of $2,100 awarded by the court are excessive. The evidence of injury is abundant to support this judgment. Not only did plaintiff sustain the injuries described above but he must have suffered a shock and loss of time and incurred expense for physician's fees and in purchasing medicines.

The judgment is affirmed.

Wood, J., and McComb, J., concurred.