[Civ. No. 12524. First Dist., Div. Two. Mar. 28, 1944.]

J. M. LENNING et al., Appellants, v. EDWARD CHIOLO, Respondent.

Phillips & Munck for Appellants.

Charles V. Barfield for Respondent.

STURTEVANT, J.—At about 6 p. m. on Sunday, June 28, 1942, the plaintiff, his wife and his mother were driving southeasterly on Twenty-third Street in Richmond, Contra Costa County. They intended to turn left into Pullman Avenue. Twenty-third Street intersects with Pullman Avenue. Broadway heads in the intersection and runs northeasterly. The defendant was driving north on Twenty-third Street. He intended to cross Twenty-third Street into Broadway and go northeasterly. In the intersection the two cars collided. Lenning, his wife and his mother commenced an action against Chiolo to recover damages. They filed one complaint. It contained three counts—one count in favor of each plaintiff. The complaint contained a prayer seeking relief separately in favor of each plaintiff in the amount of his injury. The defendant filed an answer denying all of the material allegations set forth in the plaintiffs' complaint and alleged that the accident was caused by the contributory negligence of the plaintiffs and each of them. He also included a pleading branded a counterclaim seeking to recover damages for the injury caused to his automobile. Treating the counterclaim as a cross-complaint the plaintiffs answered it and pleaded the contributory negligence of the defendant. The plaintiff's mother, Mrs. Miner, in her pleading claimed to be the guest of Lenning. On all of the issues so framed the action was tried before the trial court sitting with a jury. The jury returned a verdict that the plaintiffs take nothing and that the defendant take nothing. The plaintiffs made a motion for a new trial. The motion was denied and the plaintiffs have appealed.

The plaintiffs say the trial court erred because Laura Miner was a guest and the negligence of the driver of the automobile she was riding in is not imputable to her. The

point was not in any manner presented to the trial court except in the form of an instruction: "I instruct you that J. M. Lenning's negligence, if any, may not be imputed to said Laura Miner, and that therefore you should find that there was no contributory negligence on the part of the plaintiff Laura Miner, unless you find that there was personal negligence on her part which contributed as a proximate cause to her injury." That instruction was given. No claim is made that it was incorrect. No motion as authorized by section 378, Code of Civil Procedure was made and no request for a special verdict was made. (Sec. 625, Code Civ. Proc.)

The day before the cause was submitted to the jury a conference was held by the trial court and the respective attorneys and four forms of verdicts were agreed on and later they were given.

After the jury returned its verdict and after the jury had been discharged counsel for the plaintiffs made a motion for judgment in favor of Mrs. Miner notwithstanding the verdict. The motion was denied. There was no error in that ruling. (14 Cal.Jur. 979.) In denying the motion the trial court stated that the question could be more properly presented on a motion for a new trial. That motion was subsequently made jointly by all of the plaintiffs and it was denied. The motion in no manner presented the contention Mrs. Miner now makes.

■ Closely allied to the point just stated the plaintiffs assert that "By its verdict the jury found that the driver of each car was guilty of negligence which contributed to the happening of the accident." But the jury brought in no verdict that either driver was negligent. The plaintiffs' assertion is based wholly on inference. However, bearing in mind that it must be presumed the proceedings were regular and free from error until the contrary is shown by the record (2 Cal.Jur. 852), we must presume the jury made no such finding. It follows that we must infer the jury found neither driver was negligent. In the case of *Mitchell* v. *Stringer*, 133 Cal.App. 207 [23 P.2d 765], the court had before it a record which was quite similar in its facts. The plaintiffs made the same contention. On page 208 the court said: "The one point urged for a reversal in the cases of Mitchell and Booth is that the verdicts of the jury are inconsistent in this: that while the verdict of the jury in the Wissig case

was in favor of respondent, by said verdict it also found for Wissig on respondent's cross-complaint. In other words, that while the jury found respondent was not guilty of negligence in the Wissig case, it did find him guilty of negligence on his cross-complaint, and for that reason returned a verdict against him; that therefore Mitchell and Booth, occupying the positions merely as guests of Wissig, were entitled to recover from respondent for the injuries sustained by them. The fault in this contention is that it cannot be said with certainty that the jury, in returning the verdict on the cross-complaint, did so upon the theory that respondent was negligent. Under the instructions the jury, in view of the conflict in the evidence, might well have found that neither Wissig nor respondent was guilty of negligence and this is borne out by the verdict in all three of the actions, where the jury found that respondent was not negligent and where by the verdict on the cross-complaint it found that Wissig was not guilty of negligence. If the verdict was defective it was the duty of appellants to call the attention of the court to such defects before the jury was discharged in order that it might retire and correct its verdict. By their failure to do this they waived the defects if any existed.''

Again the plaintiffs assert the defendant was negligent as a matter of law in failing to see plaintiffs' automobile sooner than he did. We think not. There was an omission of proof on the point. Excerpts quoted from the record show that the defendant testified he did not see the other car until the time of the collision. There was proof that there were no buildings obscuring the defendant's view. But there was evidence that there were many cars at the intersection approaching or leaving. There was no evidence whether such cars obstructed the defendant's view or did not. There was no evidence that the defendant did not exercise due care in looking to see conditions as they existed at the particular time and place. Whether he did or did not exercise due care was a question of fact. How the jury answered that question is not shown by the record. As stated above, in support of the judgment we may not infer the defendant was negligent. (*Prato* v. *Snyder*, 12 Cal.App.2d 88 [55 P.2d 255]; *Hontou* v. *Orvis*, 42 Cal.App.2d 585, 588 [109 P.2d 395].)

In the next point made by the plaintiffs they state the court erred in instructing the jury that they could return a verdict

against plaintiff guest Laura Miner. The record does not support the contention. No ruling was asked or made defining the rights of Mrs. Miner. In this connection it should be stated that the trial court gave an instruction which we have quoted in full above and which states that the negligence, if any, of J. M. Lenning may not be imputed to said Laura Miner. The plaintiffs do not even contend said instruction was an incorrect statement of the law.

At the request of the plaintiff the court instructed the jury as follows: (a) "You are instructed that in order for the defendant Edward Chiolo to avoid a charge of negligence, it was his duty to keep a reasonably prudent lookout for others using the public highways, and to keep his automobile under such control as would enable him to avoid collision with persons using due care and caution." At the request of the defendant the court instructed the jury as to the duty of driver J. M. Lenning as follows: (b) "I instruct you that J. M. Lenning, the driver of the automobile in which the plaintiffs were riding at the time of the accident, was under the legal duty at all times to use ordinary care in driving and operating said vehicle to the end that said automobile should at all times be kept under control to enable him to avoid colliding with other vehicles on the highway." The trial court also instructed the jury as follows: (c) "I instruct you that the driver of an automobile on the highway, is obligated, under the law, to use ordinary care to anticipate the presence of, and to see automobiles and their movements on the highway at all times." We have for reference lettered the instructions (a), (b) and (c). ▪ The plaintiffs contend the instruction which we have marked (a) had a meaning as though the last phrase were worded "*only those* persons using due care and caution." It had no such meaning. The words italicized were not written therein. In construing the language this court is bound to ascertain its meaning—not to leave out any words therein nor to add any words thereto. (Code Civ. Proc., sec. 1858.) ▪ Assuming solely for the purpose of this case that it had the meaning contended for, the plaintiffs may not complain. They were the authors and asked that the instruction be given. ▪ Again they assert, addressing themselves to instructions (a) and (b) as lettered by us, that they were conflicting. That assertion is not well founded. Instruction (a) was correct as to those lawfully using the highway. It was silent as to those using the high-

way unlawfully. Instruction (b) was so broad as to apply to both of said classes. Instruction (c) was directly in point and applied to both classes. Such facts do not show a conflict.

The plaintiffs also contend that there was no evidence the highway involved had been sign posted "as provided by law." Their Exhibit One shows it had sign posts in place. Nothing to the contrary appearing in the record we must presume the sign posts were legally installed. (*Lindenbaum* v. *Barbour*, 213 Cal. 277, 285 [2 P.2d 161]; *Bender* v. *Perry*, 37 Cal.App.2d 206, 212 [99 P.2d 319].)

The trial court gave instructions based on the provisions of sections 551, 544, 577, 550 (b) and 550 (c) of the Vehicle Code. The plaintiffs assert: "The court simply gave the jury every rule in the book on right of ways of intersections regardless of whether it might be right-angle unprotected intersections, left-hand turns at intersections or stopping for an entering through highways." But if one picks up the diagram of the intersection inserted in the transcript it will appear at once that the intersection involved warranted the giving of instructions on many turns, angles and courses and the duties of drivers using such highways. No specific instruction is challenged.

Again the plaintiffs quote a part of an instruction as follows: "I instruct you that the driver of an automobile on the highway, is obligated under the law, to use ordinary care to anticipate the presence of, and to see automobiles and their movements on the highway at all times." They claim it cast too much of a burden on them. (*Lee* v. *Stephens*, 8 Cal.App.2d 650 [47 P.2d 1105].) We see no objection to the instruction. It did not impose the duty "of seeing" but it did impose the duty of *"looking with ordinary care."*

Finally the plaintiffs claim the trial court erred in giving an instruction worded as follows: "In your examination, for the purpose of determining your fitness to act as jurors in this case, some of you were questioned concerning your interest in any casualty insurance company. This was merely for the purpose of determining your frame of mind. I instructed you that this is a case between the plaintiffs on the one hand and the defendant on the other, no insurance company is a party to or interested in this action." The plaintiffs contend the words "interested in this action" were not supported by the record before us. (*Elmore* v. *County of Lassen*, 10 Cal.App.2d 229 [51 P.2d 481].) While the trial

court might have stricken said clause without danger of error we think there was no reversible error in not doing so. The plaintiffs had no right to demand that the jury should assume insurance was outstanding and to take such assumption in mind in framing its verdict. (*Brown* v. *Yocum,* 113 Cal.App. 621 [298 P. 845]; *Miller* v. *Cranston,* 41 Cal.App.2d 470, 476 [106 P.2d 963]; *Roselle* v. *Beach,* 51 Cal.App.2d 579, 585 [125 P.2d 77].)

The judgment appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.