[Civ. No. 3758.   Fourth Dist.   Mar. 14, 1949.]

RAMONA L. GARCIA et al., Appellants, v. MARJORIE C. HEATON, Respondent.

Oliver & Corfman for Appellants.

Schell & Delamer for Respondent.

GRIFFIN, J.—On June 29, 1946, around 11 p. m. on U. S. Highway 6, which runs in a northerly and southerly direction, about four miles south of Mojave, one R. L. Garcia, a Mexican pedestrian, and son of plaintiffs, met his death when struck by an automobile driven by defendant who was then driving her coupé in a northerly direction. The trial court, sitting without a jury, found that defendant was not guilty of negligence and that deceased was guilty of contributory negligence.

The evidence shows that defendant was proceeding along the highway, the paved portion of which was wide enough for two cars but not for three. It was divided by a white center line and had graded dirt shoulders on each side thereof about the width of a car. It was a perfectly straight, level, desert highway for several miles. The night was dark and there was no rain or fog. Defendant's car was well equipped with high-beamed lights which were on, and she was able to see approximately 200 feet down the highway. The first indication she had of a collision was the impact when her car struck the deceased. She then saw his face come up over the right side of the hood of her car and he rolled off to the right of it and fell near the right edge of the pavement. She saw nothing in the highway to indicate that he was in her pathway although she was looking straight ahead at the time. The deceased was wearing dark-colored trousers (khaki), and a light or white shirt. He was a section hand, and lived at

the section camp about one mile south of the scene of the accident.

Defendant produced witnesses who were driving along that highway about the same time. They encountered deceased in their travels, and described his unusual actions shortly before he was struck by defendant's car. Mr. and Mrs. Maxwell testified that they were driving north on Highway 6 at about 9:30 p. m. and at a point about two miles south of Mojave they saw a Mexican in dark clothing; that as they were proceeding about 35 miles per hour in their truck, "All of a sudden from some place ... there was a man appeared in the road, from the right-hand side of the highway ... who was in a staggering run, at about a 45 degree angle, across the highway . . . like he was trying to fall down"; that he (Maxwell) had to go around on the right-hand shoulder of the highway to keep from hitting him; that the Mexican then proceeded across the highway. Another truck driver following Maxwell about one-quarter mile back, corroborated Maxwell's testimony as to the movements of his truck and said that when he saw the Mexican he was then sitting on the right shoulder of the road with his "knees up, head down and his hands around his temple."

Another driver and his wife testified that they were driving in a southerly direction about two or three miles south of Mojave between 9 and 10 p. m.; that they saw a Mexican similarly dressed and staggering on the west shoulder of the highway and that this man raised his hand and opened it, allowing dirt to fall therefrom; that they concluded that he wanted a ride.

These witnesses saw deceased after the accident and identified him as the same Mexican they had previously seen.

Another witness testified that as he was proceeding southerly on that highway about two and half miles south of Mojave at about 9:30 or 10 p. m. a Mexican pedestrian dressed in a white shirt and khaki pants was standing still on the west shoulder of the highway; that when his car was almost on top of him the man "stepped" or "jumped out" in front of it; that he swerved his car and barely missed him; that at that time the Mexican was about two or three feet from the white center line.

Still another witness said that about 10:45 p. m. he saw a Mexican pedestrian, similarly dressed, at a point about three miles south of Mojave or about one or one and a half miles north of the section house, "staggering in a southerly direc-

tion on the west one-half of the highway, three feet to the right of the center line''; that he was walking, first on the right and then on the left side of it, waving his hands; that he had to slacken his speed and cross the center line to avoid hitting him.

It is plaintiff's contention that the evidence conclusively shows that defendant was guilty of negligence because she was driving on a straight, level road, well lighted by the headlights of her automobile, and with unimpaired visibility to the front and side, and that she, under those conditions, ran down a pedestrian properly proceeding on the highway under the provisions of section 564 of the Vehicle Code, without ever seeing him; that it was defendant's duty to anticipate the presence of pedestrians on the highway and keep a sharp lookout for them, citing such cases as *Hatzakorzian* v. *Rucker-Fuller Desk Co.*, 197 Cal. 82, 100 [239 P. 709, 41 A.L.R. 1027]; *McNear* v. *Pacific Greyhound Lines*, 63 Cal.App.2d 11, 14 [146 P.2d 34]; and *Eastman* v. *Rabbeth*, 128 Cal.App. 534, 537 [17 P.2d 1009].

From the evidence produced it was well within the province of the court to believe, contrary to plaintiff's contention, that defendant was exercising all due care in the operation of her car, under the circumstances, and that deceased suddenly jumped or staggered out into her pathway. A factual question was presented for the trial court to determine, which decision may not be successfully attacked on this appeal. (*Gray* v. *Hartman*, 73 Cal.App.2d 401 [166 P.2d 374].)

█ The next argument is that it was error °for the trial court to infer that the deceased was guilty of contributory negligence where there was a complete absence of evidence as to his position and actions at the moment of the accident and for some minutes prior thereto, and that assuming deceased was proved to be guilty of negligence in regard to the other cars, there was no inference that such negligence concurred in and continued up to the very time of this accident.

Plaintiffs may have been reading and, in reliance thereon, comforted by the decision of *Robinson* v. *Pioche, Bayerque & Co.*, 5 Cal. 460, in which case plaintiff, who had been drinking, fell into an uncovered hole dug into the sidewalk in front of defendant's premises. The court below gave an instruction that: ''If at the time of the accident the plaintiff was intoxicated from the use of ardent spirits, and that was one of the causes which caused the accident, the plaintiff cannot recover.'' On appeal the court reversed a judgment against

the plaintiff based upon the instruction given and said: "If the defendants were at fault in leaving an uncovered hole in the sidewalk of a public street, the intoxication of the plaintiff cannot excuse such gross negligence. A drunken man is as much entitled to a safe street, as a sober one, and much more in need of it."

The testimony of the witnesses produced by the defendant shows a continuous course of conduct on the part of deceased from about two miles south of Mojave up to a point about a mile to a mile and a half north of the section house. It will be recalled that the accident occurred approximately a mile north of that section house, and the last of the witnesses testifying saw him very closely in point of time to the happening of the accident.

It is plaintiffs' position, as we construe it, that it was error for the trial court to infer that, by reason of deceased's negligent conduct at the other points mentioned, he may have been guilty of similar negligent acts at the time of the collision. Under the circumstances of this case it was not an unreasonable inference. (*Barry* v. *Maddalena*, 63 Cal.App.2d 302, 303 [146 P.2d 974].) ■ Where two inferences can reasonably be drawn from the evidence an appellate court is powerless to substitute its finding for that of the trier of facts, and where there is a conflict in the inferences reasonably deducible from the evidence, the decision of the trial court is as conclusive as where the conflict arises directly from the evidence, and on appeal we must accept the one which supports the judgment. (*Wright* v. *Delta Properties, Inc.*, 79 Cal.App.2d 470, 478 [180 P.2d 57]; *Hausfelder* v. *Security-First National Bank*, 77 Cal.App.2d 478, 482 [176 P.2d 84]; *Hotaling* v. *Hotaling*, 193 Cal. 368, 379 [224 P. 455, 56 A.L.R. 734]; *Mah See* v. *North American Acc. Ins. Co.*, 190 Cal. 421, 426 [213 P. 42, 26 A.L.R. 123].)

Not only was the finding of defendant's freedom from negligence justified but the evidence warranted the finding of contributory negligence of the deceased.

Judgment affirmed.

Barnard, P. J., and Mussell, J., concurred.