[Civ. No. 7533. Third Dist. May 16, 1949.]

GEO. A. KEATING, Appellant, v. LIONEL R. ZUMWALT, Respondent.

Brown, Ford & Cooney for Appellant.

Rich, Weis, Carlin & Fuidge for Respondent.

THOMPSON, J.—In a suit for damages for personal injuries sustained by a pedestrian while he was walking along the outer edge of a public highway in the nighttime, as the result of having been struck by an automobile approaching

from behind him, the jury returned a verdict in favor of the defendant Lionel R. Zumwalt. A judgment for defendant was rendered accordingly. From that judgment plaintiff has appealed.

The complaint alleges that the accident resulted from the negligent operation of defendant's machine. The answer denies the material allegations of the complaint and affirmatively alleges that the defendant was free from negligence and that the plaintiff's injuries were the result of his contributory negligence and also that his injuries were sustained as the result of an unavoidable accident.

Two forms of verdict were given to the jury. The first read, "We the jury find our verdict for the plaintiff, and assess the damages as blank dollars." The second form was, "We, the Jury, find our verdict for the Defendant Lionel R. Zumwalt." The jury adopted the last-mentioned form, except that the jury wrote with pen and ink above the typewritten form the following language, "unavoidable accident for both plaintiff and defendant—unanimous." That verdict was signed by the foreman, and duly declared and recorded in open court without objection of either party. The instructions are not before this court. The jury was not requested to make any special finding of fact.

The appellant contends there is no evidence supporting the verdict to show unavoidable accident, contributory negligence of the plaintiff, or a lack of negligence on the part of the defendant. On the contrary, it is asserted the undisputed evidence proves the negligence of the defendant as a matter of law.

The evidence shows that the defendant was driving his automobile on the public highway in Colusa County westerly from Marysville at 5:30 a. m. on December 30, 1946. It was then dark. He was traveling at the rate of about 50 miles per hour. He overtook another car going in the same direction. He turned to his left to pass that car, and then observed the plaintiff walking in the same direction about 85 feet ahead of his machine, on the paved portion of the left side of the highway, approximately 3 feet from the southern edge thereof. Defendant immediately applied his brakes. The plaintiff testified that he was walking westerly about 1 foot from the southerly edge of the paved portion of the highway when he was suddenly hit by the machine of the plaintiff. Defendant's front bumper or left front wheel struck the plaintiff and broke his ankle. He was thrown to

the left shoulder of the highway. A traffic officer testified that he found skid marks on the pavement for a distance of about 85 feet to the place where the plaintiff was struck. Defendant's car ran about 60 feet beyond the point where the accident occurred before it was stopped on the left-hand side of the highway. Defendant said that his machine was running about 35 miles per hour when he struck the plaintiff.

We may not hold as a matter of law that the defendant was guilty of negligence in passing a machine in the nighttime on the public highway, under the circumstances of this case, at the rate of 50 miles per hour, or that, as a reasonable person he should have anticipated that a pedestrian would then be walking along the southern portion of the paved highway. We conclude that the defendant was not guilty of negligence as a matter of law. The question of defendant's negligence was one of fact to be determined by the jury.

We may also assume there is no satisfactory evidence in this case to show that plaintiff was guilty of contributory negligence. All that section 564 of the Vehicle Code provides is that: "No pedestrian shall walk upon any roadway outside of a business or residence district otherwise than close to his left hand edge of the roadway."

The problem to be determined on this appeal is, Did the jury return a general verdict in favor of the defendant, thereby implying that it found him to be free from negligence? We think it did.

The jury was not requested to make any special findings of fact. We may assume it was instructed upon an issue of unavoidable accident. The forms of verdicts which were supplied to the jury by the court were merely general in nature. The jury, of its own volition, wrote into the form preceding the general verdict for defendant, the language, "unavoidable accident for both plaintiff and defendant—unanimous." We may reasonably construe that to mean that in addition to the general verdict returned for the defendant, the jury also *unanimously* found that it was an "unavoidable accident," and that the general verdict for defendant on the other issues presented was not unanimous. At least, the finding that it was an "unavoidable accident" is not in conflict with the implied finding of the jury in the general verdict that defendant was not guilty of negligence. The text in 53 American Jurisprudence, at page 752, section 1083, supported by numerous authorities from other jurisdictions, states that:

". . . Accordingly, special findings, if reasonably open to such a construction, should be given an interpretation which will support the general verdict, rather than overturn and destroy it."

An unavoidable accident is defined as "One which occurs without fault or negligence upon the part of any of the parties thereto." (*Sitkei* v. *Ralphs Grocery Co.*, 25 Cal. App.2d 294, 296 [77 P.2d 331].) The defense of unavoidable accident may be raised by special defense, or under a general denial of negligence without a special plea to that effect. (*Sitkei* v. *Ralphs Grocery Co., supra*; *Lotta* v. *City of Oakland*, 67 Cal.App.2d 411, 415 [154 P.2d 25]; *Smith* v. *Harger*, 84 Cal.App.2d 361, 373 [191 P.2d 25].) See, also, *Eigner* v. *Race*, 54 Cal.App.2d 506, 513 [129 P.2d 444]; *Barber* v. *Gordon*, 111 Cal.App.279 [295 P. 377]; 65 C.J. 1195. Moreover, while there is no California case directly in point, it has been held in other jurisdictions that language voluntarily included by a jury in a general verdict, which is not in conflict with a valid general verdict, may be disregarded as surplusage. (*Rowe* v. *Safeway Stores, Inc.*, 14 Wn.2d 363 [128 P.2d 293]; *Christensen* v. *Hennepin Transp. Co.*, 215 Minn. 394 [10 N.W. 2d 406].)

In the Rowe case, *supra*, which was a suit for damages resulting from an automobile collision similar to the present action, the jury returned a verdict as follows: "We, the jury . . . do find for defendants. By reason of contributory negligence." In holding that the voluntary statement of the jury "by reason of contributory negligence" written by the jury on the form of a general verdict supplied by the court should be disregarded as surplusage, the court said:

". . . Treating gratuitous, explanatory remarks which a jury may append to its general verdict as a special finding of fact, or as a guide in determining how the jury may have resolved the factual issues, would invite surmise and conjecture and lead to uncertainty and confusion. . . .

"We think that, under the circumstances here presented, the informal language of the verdict should be disregarded as surplusage."

In the foregoing case an order granting a new trial was affirmed on the ground that the court erroneously instructed the jury regarding essential issues. In the dissenting opinion, Mr. Justice Beals said:

". . . While I am in accord with the majority in holding that the words, 'by reason of contributory negligence,' which

the jury wrote in its verdict, were mere surplusage, and are not entitled to consideration, I am of the view that the order granting a new trial should be reversed, with instructions to enter judgment upon the general verdict in favor of the defendants."

Likewise, in the Christensen case, *supra,* in which a general verdict for the defendant contained the language added thereto by the jury that "by reason of the fact that both the defendant and plaintiff were negligent," was held by the Minnesota court to be surplusage.

We conclude that the verdict which was returned in the present case was a general verdict in favor of the defendant on all the issues tendered, and that the memorandum added thereto by the jury of its own volition is surplusage which should be disregarded. It is not in conflict with the implied finding that defendant was free from negligence which contributed to the accident, and does not invalidate the binding effect of the general verdict for defendant.

The judgment is affirmed.

Adams, P. J., and Peek, J., concurred.