[Civ. No. 8733. Third Dist. Mar. 7, 1956.]

VENUS WEEKS et al., Appellants, v. DONALD RAPER et al., Respondents.

Riggins, Rossi, King & Kongsgaard for Appellants.

Geary, Spridgen & Moskowitz and Francis H. Frisch for Respondents.

VAN DYKE, P. J.—This is an appeal from a judgment entered upon the jury's verdict in favor of the defendants in a personal injury action.

The accident which gave rise to this litigation occurred near Napa on January 18, 1953, at approximately 2 o'clock in the morning on a narrow, two lane county highway which had virtually no shoulders. It was dark and misty. Appellant Venus Weeks, accompanied by her husband and mother, was driving west at approximately 35 miles per hour. Respondent Donald Raper, a minor, was proceeding in the same direction at a speed of between 40 and 50 miles per hour. He was traveling alone in an automobile owned by his parents, respondents Albert and Geneva Raper, which automobile he was using with their knowledge and consent.

Donald had been following and gradually overtaking appellants' automobile for a distance of about half a mile. The two vehicles had rounded two curves and then came into a straight stretch approximately 300 feet distant from the scene of the accident which occurred at a point where the entire left side of the highway for a distance of approximately 80 feet had caved in to a depth of 25 feet. Appellants were thoroughly familiar with this dangerous condition of the highway, which had existed for about a month, but Donald knew nothing of it.

Donald testified that when he entered the aforementioned straight stretch of the highway, appellants' car was then "over-riding the centerline" but that it pulled over to the right when he honked and blinked his lights to signal his intention to pass. When his automobile was practically abreast of that of appellants, Donald saw directly in front of his car several white posts which marked the beginning of the caved-in portion of the highway. He immediately stepped on the gas and "cut in" as far as he "could to keep from going over the edge." In so doing, his automobile struck that of appellants. The impact was slight, but of sufficient force to cause the appellant Venus Weeks to momentarily lose control of her automobile and strike a telephone pole on the edge of the road. However, she managed to pull back on the paved portion of the highway and continued on her course. Donald

did not stop. He said he did not realize that he had hit appellants' automobile; that he had only heard a slight metallic click as he passed, and that when he looked back the lights on appellants' automobile indicated that it was in motion and proceeding normally.

Appellants, who are husband and wife, brought action to recover damages for personal injuries allegedly sustained by the appellant wife and for the loss of consortium suffered by appellant husband as the result of the accident. Upon this appeal from an adverse judgment entered upon the jury's verdict, the appellants contend that the evidence conclusively established that Donald was negligent and that the appellant wife was not. They complain of the trial court's refusal to so instruct the jury.

▉ Appellants argue that Donald was, as a matter of law, negligent in attempting to pass when the left side of the highway was not ''clearly visible'' (Veh. Code, §§ 528, 530) and that, therefore, the trial court erred in instructing the jury that such conduct was only presumptively negligent and might be shown to be excusable. We do not agree. There is no evidence that the left side of the highway was not ''clearly visible'' insofar as discerning thereon any person or oncoming traffic, of which there was none. The jury could have found that Donald was not negligent in failing to see the white posts sooner than he did. They were but 3 feet high and bore no reflectors facing in the direction from which appellants and Donald were coming. There were no barricades, smudge pots, or flares to warn Donald that the left lane of the highway would suddenly terminate at the point of the cave-in. He had no knowledge of such dangerous condition and had the right to assume the road ahead was safe. (*Black* v. *Southern Pac. Co.,* 124 Cal.App. 321, 329-330 [12 P.2d 981].) Therefore, the jury could find that Donald, without fault upon his part, was suddenly confronted with a dangerous situation from which he could not extricate himself in time to avert the accident. Consequently, the trial court did not err in giving instructions on unavoidable accident and imminent peril or in submitting the issue of Donald's negligence to the jury.

▉ However, we think the trial court did commit prejudicial error in submitting the issue of contributory negligence to the jury as there was no evidence to support that affirmative defense.

The appellant wife cannot be charged with negligence because she had knowledge of the dangerous condition of the

highway. She was not bound to anticipate that Donald would endeavor to pass at the time that he did. Neither can a finding of proximate causation be predicated upon the fact that prior thereto she may have been ''over-riding the centerline.'' There was no evidence as to what extent or for how long she had been so doing. Donald admitted that his lights were on dim and that he could not see more than 300 feet ahead. Even after the appellants' car pulled to the right, he failed to see the white markers until he was abreast of them. Although we have concluded that it was for the jury to determine whether or not such failure constituted negligence, we here observe such fact to illustrate that there is no proof that appellants' prior straddling of the white line so obstructed Donald's view as to prevent his seeing the warning signs before he did. It cannot be said that the appellant wife was contributorily negligent in failing to stop, blink her lights, or honk the horn when Donald signalled his intent to pass. She had virtually no time within which to do so. She was not obliged to aid Donald in driving his car. A finding of contributory negligence cannot be based on her failure to take such action. Indeed any attempt of hers to do so might well have merely confused him into missing the warning of the white marker. Neither can it be said that the jury could have found evidence of contributory negligence from their view of the scene of the accident, which, upon stipulation, was had without the presence of the trial judge. The road had not only since been repaired but had been substantially altered by its relocation to the right. A view of the materially changed highway would not support a finding of contributory negligence. There was no evidence that the appellant wife did anything affirmatively to cause the accident. Therefore, the trial court should have instructed the jury that she was not guilty of contributory negligence. (*Ramos* v. *Linggi*, 125 Cal.App.2d 632, 635-636 [270 P.2d 857].) The refusal to do so constituted prejudicial error. (*Pierce* v. *Black*, 131 Cal.App.2d 521, 528-529 [280 P.2d 913].) ▮ Respondents contend that appellants invited the error by submitting instructions on contributory negligence at the outset of the trial. We do not agree. That issue was raised by the pleadings, but after the evidence was taken, the appellants sought to withdraw the issue from the jury by requesting an instruction that there was no evidence of contributory negligence. Under such circumstances, it cannot be said that appellants invited the error of submitting

the question of contributory negligence to the jury. (*Williamson* v. *Pacific Greyhound Lines*, 93 Cal.App.2d 484, 487 [209 P.2d 146].) ■ Such error cannot be deemed immaterial as it cannot be determined whether the jury's verdict was based on the theory that the appellant wife was guilty of contributory negligence or that the accident was unavoidable. (*Wright* v. *Sniffen*, 80 Cal.App.2d 358, 363-364 [181 P.2d 675].) ■ The fact that appended to the verdict was the notation "Not guilty" does not establish that the jury's verdict was based solely upon a finding that Donald was free from negligence. It might mean no more than that the jury concluded that he was not guilty of causing the damages because appellant wife's own negligence was a proximate cause of the accident.

The judgment is reversed.

Peek, J., and Schottky, J., concurred.

A petition for a rehearing was denied March 29, 1956, and respondents' petition for a hearing by the Supreme Court was denied May 2, 1956.