[Sac. No. 6691. In Bank. May 11, 1956.]

JESSE R. HUDSON, Appellant, v. PATRICIA Y.
RAINVILLE, Respondent.

Clewe & Blade, Clewe, Blade & McDonald and Ernest Clewe for Appellant.

Peters & Peters and Jerome D. Peters, Jr., for Respondent.

McCOMB, J.—From a judgment in favor of defendant after trial before a jury in an action to recover damages for personal injuries, plaintiff appeals.

On March 6, 1951, about 5 p.m., an accident occurred in Yuba City on B Street. It runs in a generally easterly and westerly direction. Plaintiff lives on the north side of the street about 300 feet east of the point where the accident occurred. The street in front of plaintiff's home is paved with concrete and is 56½ feet from curb to curb.

Two hundred sixty-six and one half feet west of a path which leads from plaintiff's house to the sidewalk the concrete pavement abruptly narrows to 25 feet in width with earth and rock shoulders upon either side.

There is a concrete sidewalk on the north side of the street from a point east of plaintiff's home to a point about 60 feet west of it.

The day had been cloudy with intermittent rain and sunshine, and the pavement was wet. The sun was low on the horizon to the west. Traffic on the portion of B Street where the accident occurred was generally heavy about 5 p.m., and this fact was known to plaintiff.

Plaintiff took a bale of hay out of his garage, put it on a little wagon which he pulled after him as he started toward his horses which he kept in a fenced pasture just west of his home and located on the same side of the street.

He followed the sidewalk on the north side to the end thereof, and proceeded along near the curb for about 200 feet to the point where the street pavement narrowed. Here he turned left and followed the pavement edge to the point where the narrow pavement began. At this time he looked in both directions. He saw a car approaching from the west several hundred feet away, but saw nothing coming from the east. He turned right and proceeded to walk west. All four wheels of the wagon he was pulling were on the north edge of the 25-foot pavement. After he had gone about 33 feet west from the beginning of the narrow pavement he was struck from the rear by an automobile driven by defendant. He had not looked back as he walked along the narrow pavement.

Defendant entered the street at a point east of plaintiff's home and proceeded west. When she arrived in front of plaintiff's home she saw two automobiles double-parked on the north side of the street. At this time she was traveling about 30 miles per hour. As she approached the two parked cars she saw an automobile coming from the west. She swerved left to go around the parked cars and then drove her car back to the right side of the road.

During the moment preceding the accident the only vehicles moving on the street were the automobile coming from the west and defendant's car.

As defendant came close to the point where the pavement narrowed and as she turned right into her own lane of travel, having passed the parked cars, the sun suddenly emerged from behind the clouds and its direct light and the reflection from the wet pavement blinded her. She immediately applied her brakes and threw her hands in front of her face. At approximately the same time she struck plaintiff. At this time

she was traveling about 30 miles per hour and had not seen plaintiff until the moment she struck him.

Plaintiff claims the trial court erred:

 *First: In refusing to give the following instruction which he requested: "You are instructed that the evidence in this case has established as a matter of law that the defendant was guilty of negligence and that such negligence was the proximate cause of the accident here in question."*

This instruction was properly refused. There was testimony that defendant was blinded by the clouds suddenly lifting and the sun striking her eyes; also that she was blinded by the reflection of the sun from the wet pavement.

From the evidence the jury could have found that defendant was guilty of negligence that proximately and solely caused the accident in failing to see plaintiff. On the other hand, the jury could have found that the accident was proximately and solely caused by defendant's being blinded by the rays of the sun which suddenly appeared as she passed the double-parked car and turned back to her own lane of travel to avoid the oncoming car and that her conduct was that of a reasonable and prudent person in view of the circumstances.

Thus, there was a question of fact which the trial court properly left for the determination of the trier of fact. (See *Kalfus* v. *Fraze,* 136 Cal.App.2d 415 at 430 [12] [288 P.2d 967]; *Ribble* v. *Cook,* 111 Cal.App.2d 903 at 907 [2] [245 P.2d 593]; *Garcia* v. *Heaton,* 90 Cal.App.2d 591 at 592 [1] [203 P.2d 560]; and *Lenning* v. *Chiolo,* 63 Cal.App.2d 511 at 515 [3] [147 P.2d 410].)

 The rule is accurately stated by Mr. Justice Schauer in *Gray* v. *Brinkerhoff,* 41 Cal.2d 180 at 183 [1] [258 P.2d 834], thus: "Whether or not defendant was guilty of negligence (citing cases) or plaintiff was guilty of contributory negligence (citing cases) is ordinarily a question of mixed fact and law and may be determined as a matter of law only if reasonable men following the law can draw but one conclusion from the evidence presented (citing cases)." (*McGough* v. *Hendrickson,* 58 Cal.App.2d 60, 62 et seq. [136 P.2d 110]; see also cases cited in 34 West's Cal.Dig. (1951) pp. 287, 290, Negligence, §§ 136(9) a, 136(9) b.)

*Huetter* v. *Andrews,* 91 Cal.App.2d 142 [204 P.2d 655], relied on by plaintiff, is not here in point for the reason that in the cited case there were none of the distracting elements that occurred in the instant case; that is, there was no evi-

478

dence of immediate or sudden emergency blinding the defendant such as that testified to by defendant here.

**Second:** *In submitting to the jury the question of whether plaintiff was contributively negligent.*

The trial judge's ruling was correct. Plaintiff contends that as a matter of law he was not contributively negligent. This proposition is not sound. From the evidence the jury could reasonably conclude that in entering upon the bottleneck of the narrow pavement and traversing it without looking back for a period of time sufficient for traffic coming from the east to reach him, plaintiff was negligent in failing to exercise proper care for his own safety. Particularly is this true in view of the evidence that plaintiff was familiar with the portions of the street over which he was traveling and at that hour of the day traffic was generally heavy, even though at that particular moment only one car to his knowledge was using the part of the street which he was traversing.

Pedestrians, as well as every person who travels over the highways by whatever means must exercise reasonable care for their own safety, considering the conditions existing. If they fail in the exercise of such care and thereby contribute proximately to the cause of any injury they may sustain as the result of another who has equal rights using the highway, they are guilty of contributory negligence.

It is not the law that a pedestrian has a right to travel anywhere upon a public highway and is therefore not negligent in doing so. (*Rangel* v. *Badolato,* 133 Cal.App.2d 254 at 266 [284 P.2d 138].)

Whenever there is room for an honest difference of opinion between men of average intelligence, the question of whether plaintiff is negligent in failing to look again in the direction from which defendant's car is approaching is a question of fact for the jury, and the finding of the trier of fact is conclusive. (*Salomon* v. *Meyer,* 1 Cal.2d 11 at 15 [2] [32 P.2d 631]; *McQuigg* v. *Childs,* 213 Cal. 661 at 664 [4] [3 P.2d 309].)

The law does not set arbitrary standards as to what constitutes due care for one's own concern when a pedestrian is situated as was plaintiff. It does not say he must look back, nor' that he need never do so. It requires him to exercise due care, which means that he must use his faculties of sight and hearing for that purpose whenever a reasonably prudent man would do so. He may go upon the street, but

whether or not under the circumstances then existing his conduct evinces a proper care for his own safety is generally a question of fact for the determination of the trier of fact. (*Gray* v. *Brinkerhoff, supra*; *Hendricks* v. *Pappas,* 82 Cal. App.2d 774 at 778 [3] [187 P.2d 436] ; *cf. Hamlin* v. *Pacific Electric Ry. Co.,* 150 Cal. 776 at 781 [89 P. 1109].)

Affirmed.

Gibson, C. J., Shenk, J., Traynor, J., Schauer, J., and Spence, J., concurred.

CARTER, J.—I dissent.

It was prejudicial error for the trial court to submit to the jury the issue of contributory negligence, and the judgment should be reversed on this ground. Under no rational theory can it be said that there was any negligence on the part of plaintiff which in any way contributed to the accident here involved. According to the undisputed evidence, plaintiff was walking along the far right side of a street in a residential district pulling a wagon on which was loaded a bale of hay which he was taking to feed his horses that were pastured on the right-hand side of the street. It was daytime, the street was straight and visibility good. There were no sidewalks nor place for him to travel except where he was. Defendant, driving a car, struck him from the rear. I say there was no contributory negligence because there was nothing he, the pedestrian, could have done.

Inasmuch as the street was in a residential section it was not necessary for him to be traveling along his left side of it as is required by section 564 of the Vehicle Code when a person is walking on a road outside a business or residential district.

The conclusion reached by the majority is contrary to the following authorities: *Wilson* v. *Kestenholz,* 113 Cal.App. 13 [297 P. 954] ; *Stealey* v. *Chessum,* 123 Cal.App. 446 [11 P.2d 428] ; *Buchignoni* v. *DeHaven,* 23 Cal.App.2d 76 [72 P.2d 159] ; *Keating* v. *Zumwalt,* 91 Cal.App.2d 845 [206 P.2d 10] ; *Raymond* v. *Hill,* 168 Cal. 473 [143 P. 743] ; *Burk* v. *Extrafine Bread Bakery,* 208 Cal. 105 [280 P. 522] ; and *Hatzakorzian* v. *Rucker-Fuller Desk Co.,* 197 Cal. 82 [239 P. 709, 41 A.L.R. 1027]. (See also 93 A.L.R. 551; 67 *id.* 96.) These cases either hold or state that where a pedestrian is in the roadway where he is entitled to be and proceeding forward along the road he has no duty to look to the rear. There

is nothing for him to do. He may assume that the traffic approaching from his rear will observe him and take proper precautions especially since the view is unobstructed. Even if he looked back there still would be no occasion for him to do anything as he could assume that any car approaching him would see him and avoid hitting him.

While the issue of defendant's negligence may have been one for the jury, the only reasonable conclusion is that plaintiff was not guilty of contributory negligence and the jury should have been instructed accordingly.

The holding of the majority here is in direct conflict with *Gray* v. *Brinkerhoff*, 41 Cal.2d 180 [258 P.2d 834], and the very recent case of *Weeks* v. *Raper*, 139 Cal.App.2d 737 [294 P.2d 178] (hearing denied by this court on May 2, 1956).

While the evidence here is such that reasonable minds might differ on the issue of defendant's negligence, this cannot be true as to plaintiff's conduct, which was entirely blameless under the law applicable to one in his position.

I would therefore reverse the judgment.

Appellant's petition for a rehearing was denied June 6, 1956. Carter, J., was of the opinion that the petition should be granted.